SUPREME LODGE NATIONAL RESERVE ASSOCIATION v. ALMENE
MONDROWSKI.

Decided January 25, 1899.

**Mutual Benefit Life Insurance—Assessments—By-Laws.**

A by-law of a benefit order limiting the indemnity to the amount of one assessment, less 25 per cent for the reserve fund, does not control as to the amount that can be demanded on the certificate, where another by-law provides that if thirty-two assessments levied in any year shall not be sufficient to pay all claims, the reserve fund shall be drawn upon to pay the excess, since of two provisions affecting the indemnity contract the one most favorable to assured will be accepted and the other disregarded.

APPEAL from Washington. Tried below before Hon. ED R. SINKS.

*Matlock, Cowan & Burney,* for appellant.

*Beauregard Bryan,* for appellee.

JAMES, CHIEF JUSTICE.—The benefit certificate sued on in this case was issued on June 11, 1896, to Mondrowski, by what was known as the Southern jurisdiction of appellant association, and obligated it to pay upon Mondrowski's death the sum of $1000, conditioned that the member would comply with the constitution and all the laws, rules, and requirements of said jurisdiction of said association then in force, or that might at any time thereafter be enacted. Mondrowski, it appears, complied with all that was so required of him.

On October 1, 1896 (after this certificate was issued, changes were made in the by-laws of said jurisdiction. One of these, by-law No. 40, provided as follows: "Applicants shall state in their application the amount of protection desired, and should the total amount received from one assessment levied upon the death of such member, less 25 per cent of the same for the reserve fund, be insufficient to pay the amount called for by such certificate, then such amount shall be all the said member or his beneficiaries shall claim or be entitled to."

Appellant's contention is that this subsequent enactment controlled as to the amount that could be demanded on the certificate, by reason of the provisions of the certificate as above stated. It appears that one assessmen on the members of said jurisdiction, less 25 per cent thereof for the reserve fund, would have produced only $230.15.

The fault in this contention lies in the fact that at the same time the following by-law, inconsistent with said by-law No. 40, was enacted:

"By-law 34. Reserve fund may be drawn upon, when. Should the time arrive when thirty-two (32) assessments on members whose certificates are dated prior to February 1, 1896, and eighteen (18) assessments on members whose certificates are dated since February 1, 1896, and prior to October 1, 1896, and twelve assessments on members whose certificates are dated since October 1, 1896, levied between January 1 and December 31, of any year, not be sufficient to pay all death or permanent total disability claims against the death benefit department, then the reserve fund shall be drawn upon to pay the excess. All certificates surrendered under the cash surrender value, shall be paid out of the reserve fund. Regular assessments for all members whose certificates have been in force for twenty (20) years shall be paid out of the reserve fund during the life of such members."

The latter by-law contemplates a resort to the reserve fund and to more than a single assessment of members to pay death or disability claims. The evidence shows that by resort to either the sinking fund on hand or to the assessments as contemplated by by-law No. 34 the claim in question could be satisfied in full.

It is a well settled principle in cases of insurance, that where there exist two provisions affecting the contract, one favorable to the assured and the other unfavorable, the one favorable to the assured will be accepted and the other disregarded. Bacon Ben. Soc. and Life Ins., sec. 179. Applying this rule, the judgment will be affirmed.

*Affirmed.*