# THE PRUDENTIAL INSURANCE CO. OF AMERICA *vs.* REBECCA DEVOE.

*Life Insurance—Policy Providing for Continuing in Force the Insurance for Sixty Days After Lapse of Policy—Waiver of Proof of Death by Denial of Liability—Evidence.*

A policy of life insurance in which the plaintiff was named as beneficiary provided that "in the payment of any premium under this policy, except the first, a grace of one month will be allowed during which time the policy will be in force.    If the policy, after being in force one full year, shall lapse for non-payment of premium, the company will continue in force the insurance under the policy for a period of sixty days from the date of the lapse."    The policy was issued on March 27th, 1901, when

the first premium was paid.   The second premium which fell due March 27th, 1902, was not paid.   The insured died June 20th, 1902.   *Held*, that according to the terms of the policy it lapsed on April 27th, 1902, one month after the second premium was due, but the insurance continued in force for sixty days from the date of the lapse, that is until June 27th, and since the insured died on June 20th, the plaintiff is entitled to recover the amount of the policy.

A denial by an insurer of any liability under the policy is a waiver of proof of death.

The testimony of a witness as to the proper construction of a policy of insurance is inadmissible.

Letters of agents of an insurance company denying its liability for a loss under the policy are competent evidence.

When a policy of life insurance, the cause of action, is set out in the declaration and is not denied in the pleadings of the defendant, its execution is admitted under Code, Art. 75, sec. 108.

Appeal from the Circuit Court for Harford County (WATTERS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE and SCHMUCKER, JJ.

*John S. Young*, for the appellant.

*S. A. Williams* and *Harry S. Carver*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action on a policy of life insurance, issued by the appellant, on the life of James B. Devoe, of Harford County, for the sum of one thousand dollars and payable to the appellee, who was named as the beneficiary therein.

The policy is dated the 27th day of March, 1901, and recites that in consideration of the application for the policy which is a part of the contract and of the payment of the premium stated therein, the company insures the person designated as the insured, for the sum of $1,000, payable as specified, subject to certain privileges and provisions, that are made a part of the contract of insurance.

The first premium was payable on the delivery of the policy

and the others were payable on or before the 27th day of March in every year during the continuance of the policy, until twenty full year premiums had been paid.

The policy also contained certain special privileges, as follows : "in the payment of any premium under this policy, except the first, a grace of one month will be allowed, during which time the policy will remain in force. If the policy, after being in force one full year, shall lapse for non-payment of premium the company will continue in force the insurance under the policy for a period of sixty days from the date of the lapse."

James B. Devoe, the insured, died on the 20th of June, 1902, and the appellant company denying liability, under the policy, a suit was brought against the company, in the Circuit Court for Harford County to recover the amount payable thereunder.

The judgment was for the plaintiff and the defendant has appealed.

The record in the case contains three bills of exception and they present the questions brought here for review.

The declaration contained the usual counts in *assumpsit*, and a special count on the contract of insurance set out in the policy.

To the declaration, the appellant company pleaded, that it never promised as alleged, and that the insured never paid the premium on the policy due on March 27th, 1902.

There was a demurrer to the declaration, which was overruled by the Court, but as the appellant in its brief states, that it was only insisted upon to the ninth count and to it only for the reason that it does not allege payment of the premium which fell due on the 27th day of March, 1902, and as the same question is presented in the third exception, we will consider it, in the regular order.

The principal questions in the case, and those urged by the appellant at the hearing and in the brief are, first, whether under a proper construction of the policy in this case, the insurance was in force, at the death of the insured, James B. Devoe ;

second, whether the right of recovery had been lost by a failure of the appellee to furnish the required notice and proofs of death.

We do not think there can be any very serious difficulty as to either of these propositions, under the facts of this case.

It appears from the face of the policy here sued on, that the first premium was paid by the insured, on the 27th day of March, 1901, and on that date the policy of insurance was delivered to him. The second premium was payable on the 27th day of March, 1902, and it is conceded that it was not paid on that date.

The policy distinctly provides : First, that in the payment of any premium under this policy, except the first, a grace of one month will be allowed, during which time the policy will remain in force ; secondly, if the policy after being in force one full year shall lapse for non-payment of premium, the company will continue in force the insurance under the policy for a period of sixty days from the date of the lapse.

It will be seen that the second premium was payable on March 27th, 1902, but it was not paid, so the policy lapsed on April 27th, 1902 ; the insurance however was continued in force by the terms of the policy, for sixty days "from the date of the lapse," that is, until the 27th of June, 1902, and as the insured died on June 20th, the insurance was in force at the date of his death, and the appellant is liable in this action.

As to the second question, we need only say that the company's denial of liability under the contract of insurance, was a waiver of the proof of death. *Mc Elroy* v. *Hancock Insurance Company*, 88 Md. 137.

We find no error in the ruling of the Court upon the first exception. The testimony of the witness, Hindle, as to the construction of the contract of insurance, was clearly inadmissible, and was properly excluded by the Court.

The second exception is based upon the refusal of the Court to exclude as evidence, the policy of insurance, a letter dated September 8th, 1902, from Mr. Carver, the attorney for plaintiff, to James McGeough, the superintendent of the appellant

company, and also a letter dated September 16th, 1902, from Frank L. Boppe, manager of the appellant company to one Harry S. Carr.

The policy of insurance was the basis of the action, and was properly admitted as evidence in the case. It was set out in the pleadings and not having been denied it was admitted for the purposes of the action. Art. 75, sec. 108, Code P. G. L.

The letters of Carver and Boppe contained the denial of liability on the part of the company and also the notice to the company of the death of the insured and there was no error in this ruling.

The third exception embraces the rulings of the Court on the prayers. The plaintiff's prayers contained the law of the case and were properly granted.

By the first prayer, the jury was told, that if they find the execution and delivery of the policy of insurance offered in evidence, and the payment of the first premium thereunder, and that James B. Devoe, the insured under said policy, died on or about the 20th day of June in the year 1902 ; that the plaintiff was the mother of the insured, and that within a short time after his death the plaintiff offered to furnish to the defendant satisfactory proof thereof, but the defendant denied liability under said policy, then their verdict must be in favor of the plaintiff.

The second prayer related to the measure of damages and was entirely correct.

The defendant's prayers and the exception thereto, were based upon the theory that there was no evidence legally sufficient to establish the plaintiff's right to recover. As the several questions raised by these prayers, have been disposed of by us and against the appellant's contentions, in a previous part of this opinion, it will not be necessary for us to consider them here. There being no error in the rulings of the Court on the exceptions, nor in its ruling, in overruling the demurrer, the judgment, for the reasons we have given will be affirmed.

*Judgment affirmed with costs.*

(Decided January 20th, 1904.)