PROVIDENT SAVINGS LIFE ASSUR. SOC. v. TAYLOR et al.

(Circuit Court of Appeals, Third Circuit. January 22, 1906.)

No. 51.

1. INSURANCE—LIFE INSURANCE—CONTRACT—CONSTRUCTION.

A life policy provided that the assurance should not become binding on the society unless the policy was in force on the death of assured, nor unless such death should occur within five years from the date of the policy, except as it might be renewed or continued thereafter. A subsequent clause declared that the assurance was granted in consideration of the application and the payment in advance of the first premium and

the payment of an equal sum in every year during the continuance of the policy, and that assured should have a grace of 30 days in the payment of premiums and the policy should be incontestable after two years. *Held*, that the policy constituted an entire contract of assurance for a period of at least five years, subject to forfeiture for assured's failure to pay premiums as provided.

2. SAME—PAYMENT OF PREMIUMS—GRACE—DEATH OF ASSURED.

Where a policy, providing that the assurance was granted in consideration of the annual payment of premiums on or before December 28th in each year, also provided that assured should be entitled to a grace of 30 days in the payment of premiums after the first, the policy was not forfeited on the death of assured within the period of grace by the non-payment of a subsequent premium.

3. SAME.

Such provision for grace was not a mere personal privilege exercisable only by assured during his lifetime, nor a mere continuing offer which assured could only accept during his lifetime, but was an integral part of the policy and a contractual right.

4. SAME—NOTICE.

Where a policy sued on gave insured an absolute right to 30 days' grace in the payment of premiums, a notice of the maturity of the premium, reciting that unless the premium was paid by or before the due date the policy would be forfeited, and declaring that it was not to modify any terms of the contract, did not operate to deprive assured of the right to such period of grace.

5. SAME—TENDER.

Where insured died within the period of grace allowed by the policy for the payment of premiums, the rights of the parties on the policy became fixed, and no tender of the premium then due by insured's executors was necessary to enable them to recover on the policy.

6. SAME—ABANDONMENT OF INSURANCE—CONSIDERATION.

A statement by assured, without consideration, that he did not intend to continue the policy, made while the same was in force, did not constitute a waiver of his right to grace in the payment of the succeeding premiums.

In Error to Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 134 Fed. 932.

Edwin W. Smith, for plaintiff in error.

John S. Wendt, for defendants in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. On December 28, 1900, the Provident Savings Life Assurance Society of New York (the defendant below and plaintiff in error) issued its policy for $25,000 to Selwyn M. Taylor upon his life. The policy provided:

"The amount assured hereby will not become binding upon the society unless this policy is in force at the time of the death of the assured nor unless such death shall occur within five years from the date hereof, except as this assurance may be renewed and continued thereafter as provided upon the third page of this policy."

It also provided:

"This assurance is granted in consideration of the application for this policy, which is a part of this contract, and of the payment in advance of four hundred and seventy-five and 50-100 dollars, and of the payment there

after of four hundred and seventy-five and 50-100 dollars, on or before the twenty-eighth day of December in every year during the continuance of this policy."

It also provided:

"The privileges and conditions, renewal, options, loans and surrender values under renewal selection stated on the second and third pages thereof, are hereby declared to be a part of this contract as fully as if recited at length over the signatures hereto affixed."

Under the head of "Privileges and Conditions," on the second page are the following:

"I. This policy does not go into effect until the first premium hereon has been actually paid during the lifetime and good health of the assured. * * *

"II. Grace in the Payment of Premiums. A grace of thirty days will be allowed in the payment of the premiums hereafter due on this policy, provided always that whenever advantage is taken of this grace, interest at the rate of five per cent. per annum shall be paid to the society for the time deferred."

And on the third page is the following condition:

"This policy shall be indisputable after two years from its date of issue for 'the amount due, provided the premiums are duly paid as set forth above."

Prior to December 28, 1903, notice that a premium would be payable on that date was mailed by the assurance society to the assured, containing the statement, "Unless said premium shall be paid by or before said date, the policy and all payments made thereon will become forfeited and void"; but this notice also stated: "This notice is required by the statutes of New York and does not modify any of the terms of the contract." The policy contained no express provision that it should become forfeited or lapse if a deferred premium was not paid at the due date. The first or advance premium was duly paid on this policy and also the premium which became payable on December 28, 1901, and on December 28, 1902. The premium which became payable on December 28, 1903, was not paid. The assured died within the period of grace, on January 25, 1904. On the day following (January 26, 1904), his executors tendered the amount of the premium then due, with interest, to the agent of the assurance society, but acceptance thereof was declined. Upon refusal of the assurance society to pay the policy, on the ground that it was not in force when the assured died, his executors brought this action on the policy. At the trial, under the instructions of the court, there was a verdict for the plaintiffs for the amount of the policy, less the amount of the unpaid premium and interest thereon, subject to questions of law reserved, namely:

"(1) Whether the declaration of the insured to the agent of the company when he requested payment of the premium on January 22 or 23, 1904, that he did not intend to continue the policy, was a waiver of the grace and terminated his rights under the policy. (2) Whether the omission of the insured to pay the premium during his life defeated a right of recovery."

Subsequently the court entered judgment in favor of the plaintiffs upon the verdict, and thereupon the defendant sued out this writ of error.

The contract in this case was not an assurance for a single year with a privilege of renewal from year to year by paying the annual

premium, but was an entire contract of assurance for the period of at least five years, impliedly subject to forfeiture by failure to perform the condition subsequent of payment of premiums as provided in the contract taken as a whole. New York Life Insurance Co. v. Statham, 93 U. S. 24, 30, 23 L. Ed. 789; McMaster v. New York Life Insurance Co., 183 U. S. 25, 35, 22 Sup. Ct. 10, 46 L. Ed. 64. Such being the character of the contract which went into effect upon the payment of the initial premium, let us now turn to the provisions respecting the payment of the premiums thereafter falling due.

The provisions above quoted, that the assurance was granted in consideration of the annual payment of the stipulated premium on or before the 28th day of December in every year, cannot be read alone. The contract equally makes as part of itself the privilege above quoted as to grace in the payment of premiums. The policy declares positively and unequivocally that a grace of 30 days will be allowed in the payment of the premiums thereafter due. Now, undoubtedly, had the assured lived, he would have had the indisputable right to pay the premium in question at any time before January 28, 1904, and thereby would have complied with the terms of the policy. As already pointed out, there is in the policy no express clause of forfeiture for nonpayment of premiums on the due date. The fallacy in the argument for the defense lies in the false assumption that this policy had been forfeited under its terms, and that the effect of a payment of premium within the 30 days of grace would have been to reinstate the policy. On the contrary, this policy was not forfeited at all, but throughout the period of grace subsisted in full force. It needed no reinstatement. A payment within the period of grace would not have operated as a reinstatement, but its only effect would have been to prevent a forfeiture after the expiration of the 30 days of grace. Nor are we able to assent to the suggestion that the grace of 30 days was a mere privilege of the assured, and hence exercisable only in his lifetime, or that the privilege as to grace amounted only to a continuing offer which the assured never accepted. Such a construction would be to change the contract. This provision as to grace was an integral part of the policy and was a contractual right of the assured. Equally untenable is the view that by virtue of the notice to the assured above mentioned the policy became forfeited. The notice could not change the contract of the parties, and, as its terms above quoted show, did not purport to modify any of the terms of the contract. Accordingly (postponing for the present consideration of the question of waiver) we think it is perfectly clear that on January 25, 1904 (when the assured died), his policy had not been forfeited, but was in full force. Such was its status when death fixed the rights of the parties. We concur, therefore, in the view of the court below, that the omission of the assured to pay during his life the premium in question did not defeat a right of recovery by his executors. The views we have expressed above as to the construction of the policy are amply sustained by analogous cases. Stuart v. Freeman, 87 Law Times Reports, 516; Kentucky Life & Accident Insurance Co. v. Kaufman, 102 Ky. 6, 42 S. W. 1104; McMaster v. New York Life Insurance Co., 183 U. S. 25, 22 Sup. Ct. 10, 46 L. Ed. 64. It must also be remembered

that it is a well-settled principle that a policy of insurance, in the case of doubt as to its meaning, must be interpreted most strongly against the insurer. National Bank v. Insurance Co., 95 U. S. 673, 24 L. Ed. 563; McMaster v. New York Life Insurance Co., supra.

As to the matter of tender of the premium after the death of the assured, but within the period of grace, we think such tender, had any been needed, was duly made by the proper persons, but no tender was necessary, as the rights of the parties were already fixed by and at the time of the death of the assured.

There remains to consider the point arising upon the first reserved question—whether the assured's declaration to the company's agent on January 22 or 23, 1904, that he did not intend to continue the policy, was a waiver of the grace and terminated his rights under the policy. This declaration of the assured was without consideration, and was not binding upon him. Notwithstanding what he had said, he could still have paid or tendered before the expiration of the 30 days the premium, and the company would have had no legal right to refuse it. There is no evidence, moreover, that the company was in any wise misled by this declaration of the assured. At most, it was a mere statement of an intention as to which the assured had the legal right to change his mind during the period of grace.

The judgment of the Circuit Court is affirmed.