## MISSOURI STATE LIFE INS. CO. v. CAREY. (No. 525–4204.)

(Commission of Appeals of Texas, Section B. Oct. 14, 1925.)

**1. Insurance ⟜146(1, 3)—Every provision of policy must be given effect; ambiguous policy is construed favorably to insured.**

Every provision of policy must be given effect, if possible, and, if same is ambiguous or admits of a reasonable construction favorable to insured, such construction will be adopted.

**2. Insurance ⟜367(3)—Period of grace and of extended insurance in life insurance policy held to run concurrently.**

Under life insurance policy providing for 31 days of grace in payment of any premium due, and 31 days as a term of continued insurance after completion of first year for which premium was paid, *held,* that period of grace and of extended insurance ran concurrently.

**3. Insurance ⟜367(3)—That policy carried nonforfeitable value of 31 days beyond due date for second premium held not to make contract ambiguous.**

That policy of life insurance carried a nonforfeitable value of 31 days beyond due date for second premium *held* not to make an ambiguity in contract justifying construction by the courts, where it appeared, when read with another part of policy, that such period was identical with the 31 days denominated the period of grace allowed thereunder.

**4. Insurance ⟜146(1)—Rule of interpretation in insurance policy is to arrive at intention of parties.**

Rule of interpretation in insurance policy is to arrive at intention of the parties.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Jewel M. Carey against the Missouri State Life Insurance Company. Judgment for plaintiff was affirmed in the Court of Civil Appeals (262 S. W. 864), and defendant brings error. Reversed and rendered.

Jourdon & English, of St. Louis, Mo., and Scott, Brelsford, Funderburk & Ferrell, of Eastland, for plaintiff in error.

V. L. Shurtleff, of Breckenridge, for defendant in error.

SPEER, J. Jewel M. Carey, as beneficiary, sued the Missouri State Life Insurance Company to recover upon its policy upon the life of James A. Carey; the contract being in the sum of $5,000, dated February 3, 1921, and the first year's insurance under the policy ending January 29, 1922. The annual premium charge was $142, and James A. Carey, the insured, died on April 1, 1922. The first year's premium was paid, but no further payments were made on the policy. The trial court rendered judgment for the plaintiff for $6,600, being principal, penalty, and attorney's fees under the policy, and upon appeal by the company this judgment was in all respects affirmed.

The cause is now before this court upon application for writ of error by the defendant insurance company, and all questions presented will be determined by a construction of the policy sued on. The policy provided that—

"If any premium after the first is not paid on the date when due, this policy will continue in force from said due date for the term of thirty-one days, which is the period of grace allowed hereunder, without interest charge, in the payment of any such premium."

The body of the policy contained what is denominated a "Table of Nonforfeiture and Loan Values," as follows:

| After completion loan. | | Cash value. | Paid-up life policy. | Term of continued insurance. |
|---|---|---|---|---|
| Year. | Value of policy. | | | Years-months. |
| 1st | $100 | * | * | 31 days. |

The policy providing for a period of 31 days of grace in the payment of any premium due, and likewise providing for 31 days as a term of continued insurance after the completion of the first year for which premium was paid, it is apparent the real question presented by the writ of error is whether or not the days of grace and the period of extended insurance are to run concurrently, for if they do not run concurrently, the policy had expired 31 days before the insured died.

[1, 2] The Court of Civil Appeals correctly announced, in substance, that the well-known rules of construction applicable are that every provision of the policy must be given effect, if possible, and that if the same is ambiguous, or admits of a reasonable construction favorable to the insured, such construction will be adopted. Applying these rules of construction, especially in view of the decision in Mitchell v. Union Life Insurance Co. (Tex. Civ. App.) 218 S. W. 586, that court felt constrained to hold that the period of grace and the term of extended insurance did not run concurrently. So that the policy was in force at the date of the death of the insured. In adopting this construction, we think the Court of Civil Appeals misapplied both rules of construction quoted by it. In the first place, the policy under consideration expressly stipulating that the 31 days for which the policy should continue in force from the due date of any premium after the first, after a default in such premium, expressly declares that such period "is the period of grace allowed hereunder." The construction adopted by the Court of Civil Appeals which makes this

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

extended insurance for 31 days something other than, and beyond, the period of grace therefore destroys that portion of . the contract which declares that it "is the period of grace allowed" under the contract. This result is itself sufficient ground for denying that construction of the contract, unless it can be said there is some other provision of the policy which contradicts this portion or at least makes it uncertain or ambiguous.

[3, 4] It is contended by defendant in error that the statement in the "Table of Nonforfeiture and Loan Values" showing that the policy carries a nonforfeitable value of 31 days beyond the due date for the second premium, makes an ambiguity in the contract justifying the construction of the courts below. But, we see no contradiction or ambiguity whatever. This "Table of Nonforfeiture and Loan Values" correctly exhibits the value of the policy at the end of the first year for which a premium was paid, in that the insured was entitled to 31 days of extended insurance, but when read in connection with that portion already quoted, it is perfectly apparent that this 31 days is identical with the 31 days denominated the period of grace allowed thereunder. There is nothing in the contract tending to show any other intention of the parties. The rule of interpretation always is to arrive at the intention of the parties, and, where there is no ambiguity in the language used, there is no occasion for the application of the wholesome doctrine that an insurance policy or other instrument prepared wholly by one of the parties will receive that construction most favorable to the other party.

Since the Court of Civil Appeals based its opinion largely, if not entirely, upon Mitchell v. Union Life Insurance Co., supra, and since that case is urged upon us as authority for its decision, we take occasion to point out a very broad distinction between the stipulations of that policy and those of the policy under consideration. In the Mitchell Case, the policy stipulated:

"If the premium has not been paid within the period of grace and the policy has not been surrendered as provided above, the insurance will automatically continue as term insurance for the face amount hereof for such term as, at the end of any policy year, is stated in the table below."

The table referred to showed an extended insurance of 'one month. It is thus apparent that the period of extension there provided for would begin only at the expiration of the period of grace, for it could begin only "if the premium has not been paid within the period of grace" and this event, the beginning of the extended insurance, could only begin after there had been a failure to pay the premium for the full period of grace. No such feature appears in the policy in this case. The distinction between the two contracts is accentuated by the fact that the Mitchell policy contained the following statement:

"All values in this table are in excess of any legal requirements."

This provision itself evidences the intention of the parties that the extended insurance thus vouchsafed was in excess of, and beyond, the legal requirement of a 30-day period of grace. At all events, to say the least, it rendered the contract ambiguous so as to invoke the rule of construction favoring the insured. In the present case, no such statement appears, and it is significant the extended insurance corresponds exactly with the period of grace stipulated for.

There being no ambiguity in the contract, and the intention of the parties, gathered from a consideration of the entire instrument, showing that the policy had expired by its very terms prior to the death of the insured, the judgments of the trial court and of the Court of Civil Appeals should, we think, be reversed, and judgment should be here rendered in favor of plaintiff in error, and we accordingly so recommend.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiff in error.

PIERSON, J., not sitting.