DAVID B. GOLDBERG, JR., and ELAINE GOLDBERG, Infants, by CLAIRE GOLDBERG, Also Known as CLAIRE GRAHAM, Their General Guardian and Guardian ad Litem, Appellants, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent.

First Department, November 28, 1941.

Frederick E. Weinberg of counsel [*Arthur J. Brothers*, attorney], for the appellants.

John G. Kelly of counsel [*Louis W. Dawson*, attorney], for the respondent.

UNTERMYER, J.   On February 13, 1925, the defendant insured the life of David B. Goldberg by its policy for $25,000 payable to the plaintiffs, his infant children.   The policy did not exclude death by suicide if suicide occurred after the policy had been in force for the period of one year.   The annual premium was $578.50.   Each year the premium was paid until February 13, 1939, when an agreement was executed between the insured and the defendant by which $34.71 was paid as an extension fee, and the date for the payment of the balance was extended for an additional one month with a grace period of thirty-one days. Several monthly extension agreements, with identical provisions, were thereafter entered into extending payment of the annual premium due on February 13, 1939, until December 13, 1939, with a period of grace of thirty-one days, the last day of which was Saturday, January 13, 1940.

On January 8, 1940, at the defendant's office and while the coverage concededly was in force, the insured consulted Mr. Keller, employed by the defendant to furnish information to policy-holders concerning the manner in which and the dates on which premiums were payable.   Keller then calculated the interest on the policy together with the amount required for payment of the balance of the premium and, in reply to an inquiry by the insured, informed him that payment of the premium might be made at any time before midnight of January 15, 1940.

Keller testified: " Q. Did he ask for the outside date by which he could make this payment?   A. Yes, sir.   Q. Did you tell him that the outside date was January 15, 1940?   A. Yes, sir.   * * * Q. Did you tell him that the Company would accept the payment if it was made before Monday, midnight?   A. Yes."

The defendant has not disputed, nor do we understand that it now disputes, Keller's authority to make these statements to the assured.

A rule of the company also provides: " Where the last day of grace falls on Saturday or Sunday or a legal holiday, remittances deposited in the mail or payments tendered on the next business day may be accepted."

On Monday, January 15, 1940, the insured again called at the defendant's office for further information concerning payment of the premium and was advised by Davis, the assistant agency cashier, that he could mail his remittance at any time until mid-

night of that day.  Davis further testified, however, that the insured inquired if he was protected should he meet immediate death " as the days of grace on his policy had expired on January 13th, which was Saturday," and that Davis replied that " in the event of his death as the days of grace had expired, it would be necessary for him to have made payment before his death."  The jury, which rendered their verdict in favor of the plaintiffs, were, however, justified in rejecting Davis' version of this conversation, for the reason that in a conference with the plaintiffs' attorney on January eighteenth, at which Davis undertook to repeat the conversation with the insured, he failed to make any reference to that portion which related to the effect of the immediate death of the insured upon the policy.

At eleven-fifteen P. M. of January fifteenth the insured committed suicide.

Immediately before committing suicide, the insured mailed to the defendant a check for the arrears of premiums, which was received at the defendant's office on the following morning.  The balance in the account on which the check was drawn was then insufficient to pay the check, although rendered sufficient soon thereafter by funds deposited in the account.  However, the check was never deposited, the defendant having learned of the suicide on the morning of January sixteenth.

In reversing a judgment in the plaintiffs' favor, the Appellate Term held that the giving of a worthless check did not constitute payment of the premium and that the policy had lapsed.  Although we agree with the Appellate Term that the sending of the check did not serve to extend the policy, we think upon the evidence a jury could find that the period of grace did not expire until midnight of January fifteenth and that, since the suicide occurred before midnight of that day and was included in the risk assumed by the defendant, the plaintiffs were entitled to recover.

Accepting as true the facts to which Keller testified and rejecting, as the jury may have rejected, that part of Davis' testimony unfavorable to the plaintiffs' case, we think the assured had cause to believe that the period of grace had extended the policy to midnight of January fifteenth.  The defendant argues that the statement to the insured that the premium could be paid at any time before midnight on January fifteenth did not constitute an assurance that the policy would remain effective until then.  But we think the implication was clear that the policy would remain in effect until the period expired within which the succeeding premium was required to be paid.  The jury could have found that the substance of the information communicated to the insured was

that because the premium fell due on Saturday, January thirteenth, both payment of the premium and the coverage of the policy were extended until midnight of the succeeding business day. If it were otherwise, the policy would lapse on Saturday, January thirteenth, even though payment of the next premium was not due, according to the company's rules and practice, until January fifteenth. There would thus remain a period of about two days before the next premium was required to be paid but during which period the policy would not be in force. It cannot be held that a jury might not reject such an interpretation of the conversations of the deceased with the representatives of the company.

If, then, the period of grace did not expire until midnight of January fifteenth, the failure of the insured to pay the succeeding premium would not preclude enforcement of the policy for the death of the insured would then have occurred while the policy was in effect. The defendant's contention to the contrary is answered by the language of the court in *Homer* v. *Guardian Mutual Life Ins. Co.* (67 N. Y. 478), where, under similar circumstances, it was said: " It cannot be intended from the simple transaction of giving time for payment of the premium — that is, giving credit instead of exacting prompt payment — the parties had in view the continuance of the contract merely to secure the benefit of it to the insurer by the payment of the premium if the peril insured against should not happen, but in case of the death of the insured before the time should elapse for its payment the contract should be void; that is, that upon the occurrence of the event constituting the peril, indemnity against which was the only object and purpose of the contract, the policy should be of no avail. This would be saying to one undertaking to pay in the future for a risk to commence *in presenti*, that his life is insured if he lives, but if he dies he is not insured." (See, also, *Provident Savings Life Assur. Soc.* v. *Taylor*, 142 Fed. 709; *Kentucky Life & Acc. Co.* v. *Kaufman*, 102 Ky. 6; 42 S. W. 1104; *Gottlieb* v. *Mutual Life Ins. Co.*, 225 Penn. St. 102; 73 A. 1057; *Worden* v. *Guardian Mutual Life Ins. Co.*, 39 N. Y. Super. Ct. [7 J. & S.] 317; *Prudential Ins. Co.* v. *Devoe*, 98 Md. 584; 56 A. 809.)

We would, accordingly, be disposed to reverse the determination of the Appellate Term and reinstate the judgment of the Municipal Court entered on the verdict of the jury in favor of the plaintiffs, were it not that the court's charge did not adequately define the issues to be decided by the jury. The court charged that in order to entitle the plaintiffs to recover it must appear that the policy was in full force and effect at the time of the death of the insured, without instructing the jury concerning the principles to be applied

in the determination of that issue. For that reason we have ordered a new trial, so that the issues of fact may be more fully submitted to another jury.

The determination of the Appellate Term and the judgment of the Municipal Court so far as appealed from should be reversed and a new trial ordered of the first cause of action, with costs of this appeal to the appellants to abide the event.

GLENNON and CALLAHAN, JJ., concur; MARTIN, P. J., and DORE, J., dissent.

Determination of the Appellate Term and judgment of the Municipal Court, so far as appealed from, reversed and a new trial ordered of the first cause of action, with costs of appeal to the appellants to abide the event.