◾ ANTHONY WILLIAMS et al., Appellants, v. HELEN T. NORMAN, Respondent.— In a negligence action to recover damages for personal injuries sustained by plaintiff Angelina Williams and for loss of services, medical expenses and automobile property damage incurred by her husband, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered October 2, 1972, in favor of defendant, upon the trial court's dismissal of the third cause of action (for the automobile damage) and upon a jury verdict on the first and second causes of action (personal injuries, etc.). Judgment affirmed, with costs. No opinion. Hopkins, Acting P. J., Munder and Latham, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and to grant a new trial on the first and second causes of action, with the following memorandum, in which Martuscello, J., concurs: On December 13, 1966 there was a collision between an automobile driven by plaintiff Angelina Williams and one driven by defendant. The accident occurred at the intersection of route 100-A and an access ramp to route 119. Both cars stopped for a traffic light at the intersection, defendant's car in the northbound lane for left turns and plaintiffs' car in the right lane. When the light changed, defendant, instead of making her signalled left turn, drove straight ahead and to the right, coming into contact with plaintiffs' car. Both cars were moving slowly when the impact occurred. Defendant admitted that after the accident Mrs. Williams appeared to be very nervous and agitated. The latter told defendant she thought defendant's car was going to push her car off the road and over the viaduct. Neither party called for a police officer. Mrs. Williams claimed that on the impact her head snapped back and forth. She further claimed that since the accident she has been suffering from severe pain in her neck and shoulders. Her physicians testified that she had suffered from severe cervical sprain and cervical radiculitis since the accident, that the accident was a proximate cause thereof and that hospital traction and subsequent serious surgical operations were necessary to try to reduce the pain. Defendant's physicians, testifying as experts, said that Mrs. Williams had sustained no objective personal injury from the accident and that any pain suffered by her after the accident was due to a pre-existing arthritic and degenerative disc ailment. One of these physicians also testified Mrs. Williams might have suffered pain as a psychological reaction

to the accident. No claim was made in plaintiffs' bill of particulars about the accident aggravating the pre-existing arthritic and disc condition, but one of plaintiffs' medical experts conceded that possibility. No claim was made in the bill of particulars concerning mental suffering. Plaintiff Anthony Williams' property damage action was dismissed at the close of plaintiffs' case because expert testimony to establish the reasonableness of the automobile repair bill had not been produced. Shortly after the case was submitted to the jury, they returned to the courtroom and delivered a note to the Trial Justice in which they said, ''We have concluded, one, Mrs. Norman [defendant] was negligent. Two, Mrs. Williams was not contributory [*sic*] negligent. * * * Three, there was no physical (mechanical) movement causing an injury." Then the jury asked, " May we consider an injury being caused by tension and/or emotion resulting from the accident (the accident itself having caused the tension) ? " In response, the Trial Justice said, " The answer is no, not in this case." In the context of the entire charge it is evident that the trial court refused to allow any recovery for mental suffering because such a claim was not pleaded in plaintiffs' bill of particulars. No mention was made to conform the pleadings to the proof, but in view of the admitted testimony of Mrs. Williams' severe fright when the accident occurred and Dr. Gang's testimony concerning her psychological reaction to the accident as causing pain, I am of the opinion that, in the interest of justice, the trial court, if that seemed necessary, on its own motion should have conformed the pleadings to the proof. I am of the view, however, that such a motion was unnecessary, in view of the fact that the testimony with respect to the " tension " and the " emotion " about which the jury inquired was received in evidence without objection. There is yet another ground, however, upon which there should be reversal and a new trial. Plaintiffs' request that the summation be recorded was denied. That denial constituted error, for section 295 of the Judiciary Law provides: " Each stenographer specified in this chapter or the civil practice act, surrogate's court act, court of claims act or New York city civil court act must take full stenographic notes of the testimony and of all other proceedings in each cause tried or heard." After defendant's attorney proceeded with his summation and, in the course thereof, referred (1) to an unrelated accident in 1971 involving Mrs. Williams, (2) to the nonpresence of a police officer after the accident here in question and (3) to the dismissal of the property damage claim, as reasons for finding against plaintiffs in the personal injury causes, the court directed the stenographer to record the balance of the summations. Before that direction, plaintiffs' counsel had repeatedly objected to the arguments as irrelevant and improper and there was protracted colloquy between counsel and the court as to what was said, as to what should be repeated and as to a possible clarification of the effect of the ruling dismissing the property damage action, all of which, in my opinion, may very well have confused the jury. In addition, the Trial Judge promised that in his charge he would explain the reason for the dismissal of the property damage cause of action. He never did so. Recording of the summations should have been directed when first requested, as required by section 295 of the Judiciary Law and by the decisions explanatory thereof (*Robinson* v. *Ferens,* 33 A D 2d 688; *Croix* v. *New York City Tr. Auth.,* 28 A D 2d 691; *Goldberg* v. *Mutual Life Ins. Co.,* 24 N. Y. S. 2d 929, revd. on other grounds 263 App. Div. 10, app. dsmd. 288 N. Y. 662; *Devine* v. *Keller,* 32 A D 2d 34; *Sharp* v. *City of Hornell,* 12 A D 2d 1002). The failure of the Trial Justice to direct the recordation of the summations when requested, under the circumstances of this case, was prejudicial error which, as a matter of law

�helpers and in the interests of justice, requires a new trial of the issues of the personal injury cause and the derivative second cause of action.