SARAH E. R. WHITE *vs.* NEW YORK LIFE INSURANCE
COMPANY.

Suffolk.    December 7, 1908. — January 6, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & SHELDON, JJ.

*Insurance,* Life.

The insured under a policy of life insurance, on which a premium of $125.25 was payable annually in advance, at the time when one of the premiums became due, instead of paying it, made a cash payment of $31.25 and gave a note for the balance of $94, payable in six months. The note stated that it was accepted by the insurance company at the request of the maker, together with $31.25 in cash, upon an express agreement there set forth, "that if this note is paid on or before the date it becomes due, such payment, together with said cash, will then be accepted by said company as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due; that if this note is not paid on or before the day it becomes due, it shall thereupon automatically cease to be a claim against the maker, and said company shall retain said cash as part compensation for the rights and privileges hereby granted, and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made." The insured failed to pay the note at maturity, and thereafter died without having paid it. *Held,* that the assured was bound by the agreement contained in the note which he had signed and that accordingly the policy had become void on non-payment of the note at maturity.

CONTRACT on a policy of insurance issued by the defendant upon the life of Frank A. White, the plaintiff's husband, in which the plaintiff was named as the beneficiary. Writ dated June 2, 1908.

In the Superior Court the case was tried before *Harris,* J., without a jury. The facts shown by the evidence are stated in the opinion. The policy was issued on August 19, 1903, at which time the premium was paid in advance to August 19, 1904, and on the latter date the premium was paid up to August 19, 1905. The amount of the annual premium was $125.25. On August 19, 1905, the insured gave a note for the premium then due, called a lien note, which was secured by the policy, and paid the interest for one year in advance. On August 19, 1906, he paid the interest on this lien note up to August 19, 1907, and at the same time paid $31.25 in cash and gave a note for $94

due on February 19, 1907.   The cash then paid and the amount of the last named note equalled the amount of the premium due from August 19, 1906, to August 19, 1907.   On July 12, 1907, the insured died, not having paid the notes above mentioned, which together with the cash payment of $31.25 and the interest on the lien note to August 19, 1907, were retained by the defendant.   By the terms of the policy, the assured was entitled to eight months' term insurance after the lapsing of the policy for default in the payment of any premium.

The defendant contended that upon the failure of the assured to pay the note, Exhibit C, described in the opinion, on its due date, February 19, 1907, the policy lapsed as of August 19, 1906, charged with the amount of the lien note, and that the eight months' term insurance dated from August 19, 1906.   The plaintiff contended that the policy lapsed on February 19, 1907, or on August 19, 1907, and that the eight months' term insurance dated from one of those times, and was in force when the insured died on July 12, 1907.

At the close of the evidence, the plaintiff asked the judge to make the following rulings:

1.   On all the evidence the plaintiff is entitled to recover.

2.   The policy in suit was in force at the date of the death of Frank A. White.

3.   The result of the agreement of August 19, 1906, and the payment of the $31.25 was to hold the rights under the policy in abeyance until February 19, 1907, and upon the non-payment of the note due at the latter date, the policy lapsed as of February 19, 1907, and the assured then was entitled to the term insurance as provided in the policy, which kept it in force until October 15, 1907.

4.   Unless the August 19, 1906, agreement will permit of no other reasonable interpretation, the court will not allow it to work a forfeiture of the policy, and it does permit of other reasonable interpretations.

5.   The receipt by the defendant of interest on the lien note up to August 19, 1907, kept the policy in force up to that date.

The judge refused to make any of these rulings, except the first two clauses of the fourth.   He found for the defendant; and the plaintiff alleged exceptions.

*R. Y. Fitzgerald*, for the plaintiff.

*W. A. Morse & F. J. Geogan*, for the defendant, were not called upon.

KNOWLTON, C. J.   All of the plaintiff's requests for rulings which were refused by the judge relate to the effect, upon the rights of the parties, of the agreement contained in Exhibit C, which was made on August 19, 1906.   The premium upon the policy of insurance on the life of the plaintiff's husband was payable annually on August 19.   The policy was issued on August 19, 1903, and the assured paid two annual premiums in cash.   When the third premium became due, on August 19, 1905, he did not pay it in cash, but gave his note for the amount due, payable on August 19, 1906, and he paid the interest on it to that date.   At the end of the year, on August 19, 1906, he did not pay the note, but paid interest on it in advance for another year.   He did not pay the premium due on that date, and, if no other arrangement had been made, the policy by its terms would then have been finally forfeited for non-payment of the premium, subject to the right of the assured to have the benefit of the excess of the reserve credited to the policy above the indebtedness of the assured, which reserve would keep the policy in force for eight months longer, so that there could have been a recovery under it if the assured had died at any time before April 19, 1907, but not if he died afterward.   His death occurred on July 12, 1907, and the question is whether the further arrangement, made on August 19, 1906, kept the policy in force until the time of his death.

This arrangement was a payment of $31.25 in cash, and the giving of a note for $94, due on February 19, 1907, which is Exhibit C.   Included in the note was this agreement in writing: " This note is accepted by said company at the request of the maker, together with $31.25 in cash, on the following express agreement: That although no part of the premium due on the 19th day of August, 1906, under policy No. 3,476,346, issued by said company on the life of Frank A. White has been paid, the insurance thereunder shall be continued in force until midnight of the due date of said note ; that if this note is paid on or before the date it becomes due, such payment, together with said cash, will then be accepted by said company

as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due ; that if this note is not paid on or before the day it becomes due it shall thereupon automatically cease to be a claim against the maker, and said company shall retain said cash as part compensation for the rights and privileges hereby granted, and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made ; that said company has duly given every notice required by its rules or by the laws of any State in respect to said premium, and in further compensation for the rights and privileges hereby granted the maker hereof has agreed to waive, and does hereby waive every other notice in respect to said premium or this note, it being well understood by said maker that said company would not have accepted this agreement if any notice of any kind were required as a condition to the full enforcement of all its terms."

This agreement, signed by the assured, was binding upon him. The note was not paid, and for that reason, by virtue of the agreement, it ceased to be a claim against the maker. The $31.25 in cash was treated as a consideration for the privilege which the assured had enjoyed; and the rights of both parties in reference to the policy were precisely the same as if this note had never been given, and the payment in cash had never been made. It is impossible to make the agreement plainer than it is by the written language contained in the note. The policy ceased to be in effect after August 19, 1906, except as it was continued by the term insurance already referred to. This extended it for eight months and no more.

Other cases resembling this, in which a like decision was made, are the following : *Holly* v. *Metropolitan Ins. Co.* 105 N. Y. 437. *Baker* v. *Union Ins. Co.* 43 N. Y. 283. *Bank of Commerce* v. *New York Ins. Co.* 125 Ga. 552.

*Exceptions overruled.*