GEORGE RICHARDSON BOGUE ET AL., APPELLANTS, v. NEW YORK LIFE INSURANCE COMPANY, APPELLEE.

FILED JUNE 23, 1919. No. 20239.

1. Insurance: CONTRACT: PAYMENT OF PREMIUMS. Upon a contract for insurance from year to year for a specified term, and payable upon the death of the insured within the term, a provision that it shall not be payable unless such death occurs within a year for which the premium has been paid is binding upon the parties.

2. ———: ———: ———. In such policy, the agreement that such payment by the insurer shall be "less any indebtedness hereon to the company and any unpaid portion of the premium for the

then current policy year" is not inconsistent with the further condition that "the payment of a premium or instalment thereof shall not maintain the policy in force beyond the date when the next premium or instalment thereof is payable."

3. ———: Lapse.  A provision in a contract of insurance that the policy after it takes effect as aforesaid shall constitute the entire contract between the parties will not prevent a subsequent agreement upon sufficient consideration modifying the terms of the contract;  and in such case, if the time of paying the final instalment of the annual premium is afterwards extended to a certain day by agreement, and such payment is not made as agreed, the policy lapses.

Appeal from the district court for Douglas county: Alexander C. Troup, Judge. *Affirmed.*

*Brown, Baxter & Van Dusen,* for appellants.

*Switzler, Goss & Switzler* and *James H. McIntosh.* *contra.*

Sedgwick, J.

This action was brought in the district court for Douglas county by the guardian on behalf of the minor children of Charles B. Bogue, Jr., upon a policy of insurance upon the life of their father. A jury was waived and the court found the issues in favor of the defendant, and entered a judgment of dismissal. The plaintiff has appealed. The policy was a ten-year term policy for $10,000, payable upon the death of the insured within the ten-year limitation. The premium was payable annually in advance. The first premium, $133.60, was paid for the year commencing July 27, 1908, and for subsequent years to and including the payment due July 27, 1913. Prior to July 27, 1914, the deceased received from the company a memorandum of a dividend, to which he was entitled, in the sum of $27.40. He receipted for this dividend and returned the receipt to the company with the request that they apply it on the premium due July 27, 1914, "and give me as much time as you can on the balance." The company accepted this proposition and inclosed a note for the deceased to exe-

cute to the company for $106, the remainder of the premium lacking 20 cents, and asked that the deceased send the 20 cents "to make the note for even dollars." The deceased executed the note and inclosed the 20 cents as requested. The note was payable by its terms on the 27th of November, 1914, and the insured died in the following March without having paid the note. The defense of the company is that by the terms of the contract, which included the application, the policy and the note as explained by a receipt accompanying and attached to the note, the policy terminated by the non-payment of the note when it became due. The trial court found for the defendant, and there is no such substantial conflict in the evidence as requires a review of the same.

The question presented is upon the construction of the contract. The note and the receipt that the company attached thereto both recited: "This note is accepted by said company at the request of the maker, together with Twenty-seven & 60/100 Dollars in cash, on the following express agreement: That although no part of the premium due on the 27th day of July, 1914, under policy No. 4090238, issued by said company on the life of Charles B. Bogue, Jr., has been paid, the insurance thereunder shall be continued in force until midnight of the due date of said note; that if this note is paid on or before the date it becomes due, such payment, together with said cash, will then be accepted by said company as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due; that if this note is not paid on or before the date it becomes due, it shall thereupon automatically cease to be a claim against the maker, and said company shall retain said cash as part compensation for the rights and privileges hereby granted, and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made, except only that the time within which the owner may make a choice of benefits after lapse, as

provided in said policy, is hereby extended for three months after the due date of this note, but no longer.'' It would seem that this language would be decisive of the rights of the parties unless a different construction is required on account of the terms and conditions of the application and policy.

The application for insurance contained the provision ''that the policy after it takes effect as aforesaid shall constitute the entire contract between the parties;'' but this would relate to the contract as then contained in the application and policy, and would not prevent a modification of the contract afterwards by agreement of the parties upon sufficient consideration.

The policy provided for payment upon ''due proof of the death within ten years from the date this policy takes effect, of Charles B. Bogue, Jr., herein called the insured, ten thousand dollars less any indebtedness hereon to the company and any unpaid portion of the premium for the then current policy year.'' The contention of the plaintiff is that this provision of the policy, together with the payment of $27.60, made the policy binding for the year beginning July 27, 1914, with the right on the part of the company to deduct the remainder of the premium for that year from any liability of the company upon the policy. But the policy also provided: ''Except as to the period of grace herein provided, the payment of a premium or instalment thereof shall not maintain the policy in force beyond the date when the next premium or instalment thereof is payable.'' When the $27.60 was offered as part payment of the premium for the ensuing year, the company might have insisted that the remainder of the premium then due be paid, or it might accept the amount tendered and extend the time of payment of the remainder. *Nebraska & Iowa Ins. Co. v. Christiensen,* 29 Neb. 572. By special agreement it accepted the amount tendered and extended the time of payment of the remaining ''instalment thereof,'' as evidenced by the note and special agree-

ment accompanying it, and this would "not maintain the policy in force beyond the date when" the instalment was "payable." The insured received full value for the $27.60 payment by maintaining the policy in force one-third of the ensuing policy year upon paying much less than one-third of the annual premium, and this agreement furnished a sufficient consideration for the note which by its express terms enabled the insured to delay payment of the premium due, and in case of his decease before the maturity of the note the company might deduct the amount of this unpaid portion of the premium from its liability upon the policy.

If there was doubt about the proper construction of these provisions of the application and policy, the contract executed when the part payment was received is a clear and final construction of the contract by the parties. This is a contract for insurance from year to year, for ten years, and is only payable in case of death of the insured within the ten-year period, and within the year for which the agreed premium has been paid, and without further payment only to the date when any "instalment" of the annual premium is, by some special agreement of the parties, made payable.

The final instalment of the premium for the current year being past due and unpaid, the policy was not in force at the time of the decease of the insured.

The judgment of the district court is

AFFIRMED.

DEAN, J., dissents.