## MISSOURI STATE LIFE INS. CO. v. CAREY. (No. 10638.)[*]

(Court of Civil Appeals of Texas. Fort Worth. April 19, 1924. Rehearing Denied May 17, 1924.)

1. **Insurance** &#10132;146(1)—**Every provision in favor of insured given effect, if possible.**

Every provision of life policy in favor of insured must be given effect, if possible.

2. **Insurance** &#10132;146(3)—**Reasonable construction favorable to insured adopted in case of ambiguity.**

Where life policy is ambiguous and admits of a reasonable construction favorable to insured, such construction will be enforced.

3. **Insurance** &#10132;146(3)—**Policy prepared by insurer construed against it.**

Terms of policy prepared and written by insurer will be construed most favorably to insured and most strictly against insurer.

4. **Insurance** &#10132;146(3)—**Life policy construed, if possible, to avoid forfeiture.**

Life policy will be construed, if possible, to avoid forfeiture.

5. **Insurance** &#10132;367(3)—**Period of extended insurance held not to have commenced to run until expiration of period of grace.**

Under life policy providing for extended insurance and also for a 31-day period of grace for payment of premiums, the period of extended insurance did not commence to run until expiration of period of grace.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by Jewel M. Carey against the Missouri State Life Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

&#10132;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellant.

V. L. Shurtleff, of Breckenridge, and Theodore Mack, of Fort Worth, for appellee.

BUCK, J. The following statement of the nature and result of the suit presented in appellant's brief, and concurred in by appellee, is hereby adopted:

"The plaintiff, Jewel M. Carey, filed this suit on the 21st day of December, 1922, in the district court of Stephens county, Tex., in the Ninetieth judicial district, to recover the sum of $5,000, 12 per cent. penalty, and reasonable attorney's fees on a policy of insurance given by defendant to James A. Carey, in the sum of $5,000, dated the 3d day of February, A. D. 1921.

"Plaintiff's petition alleged the death of the said James A. Carey on the 1st day of April, A. D. 1922, and due notice of such death and demand for payment and defendant's refusal of payment, claiming in addition to the face of the policy a 12 per cent. penalty and the sum of $1,000 as reasonable attorney's fees.

"The same allegations were contained in plaintiff's first amended original petition filed February 19, 1923, upon which the trial was had. The purpose of the amended pleading evidently being to reassert the demand and refusal, more than 30 days after such demand; the first pleading having been filed less than 30 days after such demand and refusal.

"The defendant answered by general demurrer and general denial, and specially pleaded, among other things, that the policy was not in force at the time of the death of the insured, by reason of the fact that the insured had not paid the second or any other than the first premium.

"The case was tried by the court, without a jury, and judgment rendered for plaintiff against the defendant in the sum of $6,600 for principal, penalty, and attorney's fees.

"The defendant excepted to the judgment, gave notice of appeal, and requested the court to file his findings of fact and conclusions of law, which was done.

"The defendant filed its supersedeas bond and assignments of error in due time, and the cause is now regularly before this court for its review."

The policy was executed by appellant company February 3, 1921, and the annual premium charge was $142. It was provided in said policy that the insurance therein provided might "be continued thereby as whole life insurance upon the payment of the annual premium of $142, on or before the 29th day of January in every year during the continuance of this policy, until premiums for twenty policy years, including the first, have been paid." The insured did not pay the premium for the second year and whether the premium was due January 29, 1922, as stipulated in the policy, or on February 3, 1922, one year from the date of the policy, or one year from the delivery of the policy, which date is not shown in the record, is probably immaterial. The insured died April 1, 1922, or 63 days after the date stipulated for the payment of the premium. Said policy provided that—

"If any premium after the first is not paid on the date when due, this policy will continue in full force from said due date for the term of thirty-one days, which is the period of grace allowed hereunder, without interest charge, in the payment of any such premium."

The policy also provided for continued or extended insurance after completion of the first year for 31 days, and a loan value of $100. If the grace allowed in the policy and the extended insurance provided therein shall both be given effect and the said two periods of time shall not be made to run concurrently, the insured died on the last day in which his policy was in force. If the period of grace and the period of extended insurance are to be construed as running concurrently, the policy had expired 31 days before the insured died. This is the question involved in this appeal.

[1-3] The following well-known rules of construction with reference to insurance policies must be observed: That every provision of the policy in favor of the insured must be given effect, if possible; that where a life policy is ambiguous and admits of a reasonable construction favorable to the insured, such construction will be enforced; that the terms of the policy, prepared and written by the insurer, will be construed most favorably toward the insured and most strictly against the insurer.

Bearing these rules in mind, we will proceed to the discussion of the questions here involved. In the case of Mitchell v. Union Life Ins. Co (Tex. Civ App.) 218 S. W. 586, application for writ of error dismissed for want of jurisdiction by the Supreme Court, the Austin Court of Civil Appeals held that, under a life policy giving 30 days' grace in payment of premium, and providing that if premium has not been paid within period of grace and policy has not been surrendered the insurance will automatically continue for one month, the period of automatic continued insurance began at the end of the grace period, so that where insured, who had paid first premium only, died after the expiration of the grace period for payment of second premium, but within one month after expiration of grace period, the policy was in force at the time of his death.

The appellant urges that the cited case is distinguishable from the case at bar. It is urged that in the Mitchell Case there was a provision for automatic continued insurance in the following words:

"If the premium has not been paid within the period of grace and the policy has not been surrendered [as provided above], the insurance will automatically continue as term insurance for the face amount [hereof] for such term as, at the end of any policy year, is stated in the table below."

That inasmuch as there is a special reference to the period of grace, and a further provision for extended insurance in the same paragraph, there is more reason for giving both periods effect than in the instant case. The policy in the instant case, under the heading "Grace in Premium Payments," provided:

"If any premium after ,the first is not paid on the date when due, this policy will continue in force from said due date for the term of thirty-one days, which is the period of grace allowed hereunder, without interest charge, in the payment of any such premium."

Under the head of "Table of Nonforfeiture and Loan Values," shown in' the following table representing the values available if premiums have been paid in full for the number of years stated in the table, and if there is no indebtedness thereon to the company:

| After Completion Loan. | | Cash Value. | Paid-Up Life Policy. | Term of Continued Insurance. |
|---|---|---|---|---|
| Year. | Value of Policy. | | | Years—Months. |
| 1st | $100 | * | * | 31 days. |

Inasmuch as under the rules of construction we are required, when possible, to give effect to every provision in the policy favorable to the insured, whether in the same paragraph or in different paragraphs of the policy, we do not see that there is any material difference in the provision of the two policies under consideration in this respect.

Other points of alleged difference between the provisions of the policy in the Mitchell Case and the one in this case are mentioned and ably discussed by appellant in its brief, but we see no material difference in the provisions.

In Landrigan v. Missouri State Life Ins. Co., 211 Mo. App. 89, 245 S. W. 382, it was held that where a life insurance policy taking effect on delivery, which was some time subsequent to the date of the policy, provided 31 days of grace for the payment of a premium, the days of grace are to be counted from the expiration of one year from the delivery of the policy, not from the date the premium was payable under the terms of the policy, which was one year after the date on the policy, since grace is used in contradistinction to right as a time of indulgence granted, and there could be no indulgence until after the expiration of the insurance as a matter of right. In Prudential Ins. Co. v. Devoe, by the Maryland Court of Appeals, 98 Md. 584, 56 Atl. 809, where a life insurance policy giving grace of one month in the payment of premiums, and providing that "if the policy, after being in force one full year, shall lapse for nonpayment of premium the company will continue in force the insurance under the policy for a period of sixty days

from the date .of the lapse," it was held that where the premium was due March 27th, but was not paid, and the policy lapsed on April 27th, the 60 days during which the policy was continued were computed from the latter date.

[4, 5] Since it is our duty to so construe the terms of the policy, if possible, to avoid a forfeiture (McMaster v. N. Y. Life Ins. Co., 183 U. S. 25, 22 Sup. Ct. 10, 46 L. Ed. 64; Brown v. Palatine Ins. Co., 89 Tex. 590, 35 S. W. 1060), we conclude that the judgment below should be affirmed, and it is accordingly done.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes