[Civ. No. 5268. First Appellate District, Division Two.—November 14, 1925.]

EDWARD C. EDDIE, Appellant, v. NEW YORK LIFE INSURANCE COMPANY (a Corporation), Repondent.

[1] LIFE INSURANCE—PREMIUM NOTES—EXTENSION OF POLICY—TIME OF FORFEITURE.—Where the insured under a life insurance policy gives her promissory note for the amount due as premium, and said note recites that it is accepted by the insurer at the request of the insured, together with a specified sum in cash paid by the insured, on the express agreement between the parties that the insurance under the policy shall be continued in force until a specified date, that if the note is paid on or before the time it becomes due such payment, together with the cash mentioned, will be accepted as payment of the premium due, but that if the note is not so paid it shall thereupon automatically cease to be a claim against the maker, the insurer shall retain the cash as part compensation for the rights and privileges granted by the extension of the policy and all rights of the insured shall then be the same as if no part of said premium had been paid, except only that the time within which the insured may make a choice of benefits is extended, the giving of said note does not work an extension of the time when the extended insurance would automatically start after a lapse, but is merely an accommodation to the insured to be construed in accordance with its terms that if the insured fails to pay within the time designated in the note the policy shall be deemed to have lapsed at the time of forfeiture, as if the note had not been given.

[2] ID. — WAIVER OF STATUTE — VALID CONTRACT — NONPAYMENT OF NOTE.—Such a note extending the time of the insured to pay the premium does not constitute an agreement tending to waive the provision of section 450 of the Civil Code to the effect that every policy of life insurance upon the life of a resident of this state and delivered within the state shall make certain provisions for automatic nonforfeiture and declares that any agreement tending to waive such provisions shall be invalid; and where the policy contains all the requirements of the statute, the insured is wholly competent to contract with the insurer that if she does not perform her part of the contract under which the note is given the note will not be an enforceable obligation against her and that in that event the rights of both parties under the insurance policy shall be the same as if the note had not been executed.

(1) 37 C. J., p. 510, n. 51.   (2) 37 C. J., p. 503, n. 35.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles S. Burnell, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Charles J. Kelly for Appellant.

Meserve & Meserve for Respondent.

NOURSE, J.—This action was tried on a stipulation of facts to recover on a policy of life insurance issued by the defendant company to Charlotte F. Eddie, deceased.  Judgment went for the defendant and the plaintiff appeals on the judgment-roll and a bill of exceptions.

By the terms of the policy the defendant promised to pay the plaintiff, who was the beneficiary therein, the sum of $5,000 upon proof of the death of the insured.  The policy called for the payment of annual premiums of $159.55 each on the twenty-third day of February of each year in advance.  The policy contained the usual nonforfeiture clause providing that in case of default of any premium payment the cash surrender value of the policy, including dividends accrued, if any, should be applied as a premium upon paid-up nonparticipating insurance in accordance with the schedule fixed in the policy, and also provided that within three months after default the insured might at her option receive either the cash surrender value or paid-up insurance.  Annual premiums on the policy were paid for the first two years in cash.  The premium due February 3, 1916, was not paid, but in lieu thereof a lien note for the full amount was executed by the insured and delivered to the defendant. On February 23, 1917, another annual premium became due, as well as interest on this lien note of February 23, 1916. At the same time there became due the insured by way of dividends on the policy the sum of $26.95.  The insured was unable to pay the premium for the fourth year and an agreement was thereupon executed between the insurer and the insured which is commonly referred to as the "blue note." This note was for the sum of $111 and was made payable on August 23, 1917.  The note recited that it was accepted by the insurer at the request of the maker, together with $48.55 in cash paid by the insured, and that this was all done on

the express agreement between the parties; that, although no part of the premium due on February 23, 1917, had been paid, the insurance under the policy shall be continued in force until midnight of August 23, 1917; that if this note is paid on or before the time it becomes due such payment, together with the cash mentioned, will be accepted as payment of the premium due February 23, 1917, but that if the note is not so paid it shall thereupon automatically cease to be a claim against the maker, the insurer shall retain the cash as part compensation for the rights and privileges granted by the extension of the policy and all rights of the insured shall then be the same as if no part of said premium had been paid, except only that the time within which the insured may make a choice of benefits after the lapse is extended for three months after the due date of the note, but no longer. The insured failed to pay the note, or any part of it, and failed to pay any of the premiums due upon the policy covered by the note and neither the insured nor anyone in her behalf within three months after August 23, 1917, or in fact at any time, made any choice of benefits after the lapse of the policy as provided therein. The insured died on the fifth day of November, 1917, and immediately thereafter demand was made upon the defendant by the beneficiary for full payment of the policy.

The complaint alleged the facts concerning the issue of the policy, the payment of the annual premiums thereon and the execution of the two notes hereinbefore referred to. It was also alleged on information and belief that on the twenty-third day of February, 1917, the cash surrender value of the policy, less the indebtedness due the insurer and including the dividend due the insured, was sufficient to purchase extended insurance for the period of 434 days from February 23, 1917, that is, to and including May 1, 1918. This allegation of the complaint was denied and the court found that it was not true that the cash surrender value of the policy on February 23, 1917, was sufficient to purchase extended insurance for any period of time, and it was found that it was not true that by the use of any dividend due the insured or by any other means extended insurance was purchased or that the insured was entitled to extend her insurance after February 23, 1917, for any period or in any amount whatsoever.

The case depends upon this finding: If it were true, as alleged in the complaint, that the policy had on February 23, 1917, a cash surrender value sufficient to call for paid-up insurance for a period beyond the date of the death of the insured there would be some reason in the argument of appellant that the parties were not competent to enter into the contract of February 23, 1917, whereby this right on the part of the insured was abrogated in consideration of the acceptance by the insurer of the so-called blue note. This would be so because of the provisions of section 450 of the Civil Code, which section, after providing for the inclusion of automatic nonforfeiture clauses in policies of insurance, provides that no agreement between the insurer and the insured shall be sufficient to waive any of those provisions. But the difficulty with appellant's case is that, although he alleged facts which would seem to bring him within the purview of the section of the Civil Code, he failed to prove the allegations of his complaint and the trial court held that those allegations were not true. On this appeal our attention has not been directed to any evidence in support of the allegations of the complaint or contrary to the finding made by the trial court. Such being the case, we are of course bound by that finding. In argument the appellant insists that on February 23, 1917, after deducting all indebtedness due the company, the policy had a net cash surrender value of $30.45, and that in accordance with the stipulation of the parties the net single premium for the purchase of nonparticipating extended insurance was at the rate of $4 per month. The appellant then contends that the insured was therefore entitled to paid-up nonparticipating insurance for the period of 231 days. To support this contention appellant argues that the period of default should be fixed at August 23, 1917, rather than February 23d of the same year, and on that basis argues that the extended insurance covered a period beyond the death of the deceased. There are two errors in the argument of appellant which are apparent: First, it is wholly out of accord with the allegations of the complaint and the findings of the trial court, and, second, the date of default or lapse of the policy was on February 23d rather than August 23d.

[1] The legal effect of a note such as that executed on February 23, 1917, has frequently been before the courts of

this country and it has uniformly been held that such notes do not work an extension of the time when the extended insurance would automatically start after a lapse, but that such notes are merely accommodations to the insured to be construed in accordance with their terms that if the insured fails to pay within the time designated in the note the policy shall be deemed to have lapsed at the time of the forfeiture. (*Underwood* v. *Jefferson Standard Life Ins. Co.*, 177 N. C. 327 [98 S. E. 832, 835]; *White* v. *New York Life Ins. Co.* 200 Mass. 510 [86 N. E. 928, 929]; *Robnett* v. *Cotton States Life Ins. Co.*, 148 Ark. 199 [230 S. W. 257, 259, 260]; *Bogue* v. *New York Life Ins. Co.*, 103 Neb. 568 [173 N. W. 591, 592].) In *White* v. *New York Life Ins. Co.*, *supra*, a blue note similar to the one here under consideration was executed on August 19, 1906, the date when the annual premium was due. It recited the payment of part of the premium in cash and provided for an extension of the insurance providing that the note was paid prior to February 19, 1907, and also provided that if not so paid it should not be a charge against the maker and that all rights under the policy should automatically cease; the note was not paid on its due date and some time thereafter the insured died. The supreme court of Massachusetts, in holding that the parties were bound by the terms of the blue note, said that the cash payment was to be treated as a consideration for the privilege which the insured enjoyed and that "the rights of both parties in reference to the policy were precisely the same as if this note had never been given, and the payment in cash had never been made."

[2] The only answer which the appellant makes to the authorities cited is that they are not in harmony with the provisions of section 450 of the Civil Code. But in this respect we are not able to agree with the appellant. The section provides that every policy of life insurance upon the life of a resident of this state and delivered within the state shall make certain provisions for automatic nonforfeiture and declares that any agreement tending to waive such provisions shall be invalid. The blue note in question is not such an agreement. The policy contained all the requirements covered by the code section. The rights of the insured thereunder were not affected by the execution of the blue note. If this note had not been executed the policy

would have terminated on February 23, 1917, and any surrender value which it might have would then accrue to the insured. By the execution of the blue note the insured was merely given an extension of time within which she might have paid the premiums to continue the policy in force. She was wholly competent, however, to contract with the company that if she would not perform her part of the contract the note would not be an enforceable obligation against her and that in that event the rights of both parties under the insurance policy should be the same as if the note had not been executed. Manifestly these rights so far as the insured was concerned were to exercise the option to make a choice of the benefits covered by the policy in the event of a lapse. Not only by the terms of the policy itself but by the agreement of the parties expressed in the blue note the lapse of the policy was fixed as of February 23, 1917. (*Underwood* v. *Jefferson Standard Life Ins. Co., supra,* and *White* v. *New York Life Ins. Co., supra.*) If, as appellant contends, the policy had a surrender value of $30.45, which would have entitled the insured to 231 days of paid-up insurance, that period reckoned from February 23, 1917, expired before the death of the insured. The blue note did not, therefore, curtail any of the right or guaranties given the insured by the statute.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 11, 1926.