## JEFFERS v. BANKERS' LIFE CO.*
### No. 6996.

Circuit Court of Appeals, Fifth Circuit.
June 14, 1934.

Rehearing Denied July 14, 1934.

James B. Lewright, of San Antonio, Tex., for appellant.

Sam C. Eldridge, of San Antonio, Tex., Ireland Graves, of Austin, Tex., and R. B. Alberson, of Des Moines, Iowa, for appellee.

Before BRYAN, SIBLEY, and HUTCH-ESON, Circuit Judges.

### HUTCHESON, Circuit Judge.

The suit is on a five-year term policy. The defense, lapse for failure to pay the second premium, prevailed below. Plaintiff here, complaining of the instructed verdict she suffered, insists that, notwithstanding his failure to pay the second premium as agreed, the policy was in force on October 13, 1925, when her husband died. Her claim is that on September 12, 1925, the date to which, by extension agreements, the right to pay the second premium had been carried, a dividend or dividends had accrued to the policy sufficient to purchase extended insurance beyond the death of the insured, and the company was in duty bound to so apply these sums. She claims, further, that, the policy not having been delivered until one month after its due date, the first premium the insured paid actually carried the policy until February, instead of January, of the following year, and that the eight extension payments he made, applied from February 12th instead of January 12th, would have carried the policy beyond the date, October 7th, when the full premium was tendered. She claims, too, that the dealings in

*Rehearing denied July 14, 1934.

the form of extension agreements and the reinstatement of the policy, which the company had carried on with the insured, had reasonably led him to believe that the provisions of the extension agreements would be waived, and that he would have a reasonable time after September 12th to pay the full premium.

Defendant points to the fact that the policy does not provide at all for extension insurance; that it specifically conditions the accrual and credit of dividends upon payment of the second premium; that the options for use of dividends were limited by the policy to three, payment of the premium, withdrawal in cash, to be left to accumulate to the credit of the policy. It points to the fact that the extension agreements are special contracts granted upon payment of less than half of the premium rate and upon the express condition that the policy will lapse unless the full premium is paid at the end of the extension period, and that the dating back of the policy was at the request and for the benefit of the insured. It urges that the positions plaintiff takes are all hypothetical, and without support in the facts. A reading of the record makes it clear that the case is not one for a jury verdict; that the question here is not whether a verdict should have been instructed, but whether it should not rather have been instructed for plaintiff than for defendant.

On the face of the papers there is no doubt that defendant should have had the verdict, but plaintiff insists that it is not the way the contracts the parties made do in fact, but the way they should in law, read, which controls here. She argues that the statutes of Texas are all read into the policy contract. She insists that these statutes not only write into it the provision for extended insurance and the provision for the accrual and application of dividends contrary to the policy terms for which she contends, but they also compel the defendant to treat the extension payments, though less than half of the amounts required, as in effect installment premium payments sufficient to carry the policy to the last extension date, and to require it to use the dividends she claims had accrued to purchase extended insurance from that time. This claim is made in the face of the fact that to allow it would be to make the extension agreements, special contracts outside of the policy agreement, operate directly contrary to their express provisions and as installment premium payments. This claim is made in the face of the fact that each of these extension agreements on its face provides that at the end of the extended time, unless the premium is paid,

all rights under the policy shall be the same as if each of the extensions had not been made. We think a simple statement of the facts refutes appellant's claims.

To obtain an annual saving in premium payments of $164.23, the policy sued on, though not delivered and paid for until January 12, 1924, was by agreement dated back to December 12, 1923. The policy was for $138,000, the premium $2,600 per year, a little less than $2 per month per thousand. On the date the second premium was due with grace, January 12, 1924, the insured did not pay it, but instead applied for and by a deposit of $105, substantially less than half the monthly rate premium, obtained one month's extension of time to pay the premium. On February 12th by a similar payment, another extension was applied for and obtained, and this practice was continued each month until June 12, 1925, when, the premium not having been paid, and no other extension granted, the policy lapsed. On July 14th, the insured, certifying to his continued insurability, and paying for two months' extension, secured reinstatement and an extension of time for premium payment from June 12th to August 12th. On that date he obtained his last monthly extension, carrying the premium payment privilege to September 12th. The premium not having then been paid and no new extension granted, the policy lapsed. Attempts made thereafter to reinstate the policy, including the tender on October 7th of the full premium, failed on account of the serious condition of insured's health from which on October 13th he died.

Appellee insists that the statutes appellant invokes regulate contracts of mutual life insurance companies organized in Texas and not foreign companies merely doing business there, and that, if they do, nothing in them supports the claims she makes. It argues too, that, if subdivision 9, art. 4732, providing "If, in event of default in premium payments, the value of the policy shall be applied to the purchase of other insurances," does have the effect appellant contends for as to ordinary life policies, it does not apply to term insurance. Gilley v. Insurance Co., 116 Tex. 43, 273 S. W. 825, 285 S. W. 807. It argues, too, that appellant may not, having dated the policy back, claim a different date for the premium payment than that fixed in it. Mutual Life Ins. Co. v. Hurni Pkg. Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; McCampbell v. New York Life Ins. Co. (C. C. A.) 288 F. 465; Harvey v. Union Central Life Ins. Co. (C. C. A.) 45 F.(2d) 78.

Finally, it urges as a fundamental defect in appellant's claims, that, having obtained the benefit of the premium extension agreements, contracts entirely outside of and over and above the agreements in the policy contract, it must take those agreements as burdened; that plaintiff cannot at the same time claim under and repudiate them. Southland Life Ins. Co. v. Hopkins (Tex. Com. App.) 244 S. W. 989; Mutual Life Ins. Co. v. Phinney, 178 U. S. 327, 20 S. Ct. 906, 44 L. Ed. 1088; Bankers' Life Co. v. Burns (C. C. A.) 30 F.(2d) 327.

We agree with appellee. The insured obtained a policy of term insurance containing definite agreements of simple and valid import. If he had paid his second year's premium when it was due on or before January 12th, his policy would have been in good standing. He did not pay this premium, and thereafter he was, unless he complied with the extension agreements giving him the limited right to pay the premium within the extended times, without a policy. If within the times thus limited he had paid his premium, his policy would have been in force, but only if he had paid it. Separate and independent contracts, these extension agreements bind the insurer; they bind the insured also. They got for the insurer the right to keep the payments to the extent of 75 cents per thousand of insurance, less than half the premium rate figured by the month, in the event of default at the end of the extended period. They got for the insured the right to pay the full premium within the times limited, and continue his policy. The payments made to secure them were not payments of premiums. There was no provision in the policy for paying the premium monthly. The agreements did not, except upon the condition that the premium be paid in full within the time limit, extend the time for paying it. They were not absolute extensions of the policy terms and provisions, as appellant seeks to make them. Appellant tries to give these agreements an exactly opposite effect from that intended, an effect to carry the policy premium date forward to the extension date. This will not do. They were but conditional privileges upon the limited terms contained in them, to postpay the premium as of the policy due date. If, then, under the policy, dividends had accrued, as appellant contends, and if under the policy it had been the duty of the company to purchase extended insurance with these dividends upon the failure to pay the premium upon its policy due date, appellant would not be helped, for, conceding as due, all that appellant claims as dividends, they would not have been

nearly sufficient to purchase extended insurance carrying the policy from the premium due date it fixed beyond the death of the insured.

We think it clear, however, that there were no dividends due, that there was no provision for extended insurance, and that there was no duty on the insurer to purchase extended insurance as of any date. We think it clear, too, that there can be no basis for the claim that, by the course of dealing the company had with the insured, any expectation was raised except in accordance with the written agreements, on the basis of which every extension was concluded. Unfortunate and distressing as is the fact that the policy was allowed to lapse so short a time before the death of the insured, in law and in fact it did lapse, and the verdict was rightly instructed for the defendant.

The judgment is affirmed.