MORRIS TALSKY, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

First Department, May 31, 1935.

*Louis A. Tepper* of counsel [*Livingston & Livingston*, attorneys], for the plaintiff.

*Kenneth deF. Carpenter* of counsel [*Louis H. Cooke*, attorney], for the defendant.

UNTERMYER, J. The parties submit this controversy for decision upon the following conceded state of facts: In October, 1928, the defendant reissued to the plaintiff its policy of life insurance, containing provisions for disability benefits, at a premium of $210.20 payable annually on June eighteenth. The premium which became due June 18, 1933, was not paid; but on July 18, 1933, within the thirty-day period of grace (Ins. Law, § 101), the plaintiff requested the defendant to extend the time of payment and for that purpose executed a note extension agreement, referred to in the submission as a " blue note." Therein it was agreed that the plaintiff, in addition to the sum of $37.50 then paid in cash on account of the premium, should pay the balance of $172.70, with interest at five per cent, on or before October 18, 1933. However, on July 4, 1933, the plaintiff had become totally and permanently disabled and failed thereafter to pay the balance of $172.70 due on October 18, 1933. On June 29, 1934, the plaintiff, nevertheless, tendered to the defendant the arrears of premium amounting to $395 and demanded reinstatement of the policy, contending that the note had cured any default existing prior thereto and had continued the policy in force until October 18, 1933, thus entitling him to recover for the disability which had occurred previously. The defendant refused, insisting that since the note had not been paid, the policy had lapsed for non-payment of the premium due June 18, 1933. The plaintiff demands judgment directing the defendant to reinstate the policy and for the monthly disability benefits, less the amount of the unpaid note due October 18, 1933, with interest thereon. The defendant demands judgment declaring that the policy lapsed for non-payment of the premium due June 18, 1933.

The policy, in section 1, subdivision 4, under the title " Disability Benefits," provides: " In the event of default in payment of premium after the Insured has become totally disabled, the policy will be restored upon payment of arrears of premium with interest at 5%, provided due proof that the Insured is totally and presumably permanently disabled, as herein defined, is received by the Company not later than six months after said default and the benefits under this section shall then be the same as if said default had not occurred."

The note provides, in part, as follows: " That although no part of the premium due on the 18th day of June, 1933, * * * has

been paid, the insurance thereunder shall be continued in force until midnight of the due date of said note; that if this note is paid on or before the date it becomes due, such payment, together with said cash, will then be accepted by said Company as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due; that if this note is not paid on or before the day it becomes due, it shall thereupon automatically cease to be a claim against the maker, and said Company shall retain said cash as part compensation for the rights and privileges hereby granted, and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made."

There is no ambiguity in these provisions. Thereby the plaintiff agreed that, if he did not pay the note when due, his rights would be the same as those of any other policyholder who had defaulted in the payment of a premium due June 18, 1933. The continued life of the policy was conditioned on the payment of the note when it matured. When the note was not paid the conditional privilege was lost and the original default as of June 18, 1933, remained. (*Holly* v. *Metropolitan Life Ins. Co.*, 105 N. Y. 437.) Such was the clear import of the transaction and such also is the construction which has uniformly been placed upon similar transactions in other jurisdictions. (*White* v. *New York Life Ins. Co.*, 200 Mass. 510; 86 N. E. 928; *Eddie* v. *New York Life Ins. Co.*, 75 Cal. App. 199; 242 Pac. 501; *Underwood* v. *Jefferson Standard Life Ins. Co.*, 177 N. C. 327; 98 S. E. 832, and *Sims* v. *Jefferson Standard Life Ins. Co.*, 18 Ga. App. 347; 89 S. E. 445.)

It is equally clear that the plaintiff's contention that the " default in payment of premium " did not occur until after the plaintiff had become disabled, cannot be sustained. The contention proceeds upon the theory that there was no default until the expiration of the period of grace on July 18, 1933, and that the disability having occurred on July 4, 1933, the plaintiff was entitled to the restoration of the policy under subdivision 4 of section 1 upon tender of the arrears of premium with interest at five per cent. The fallacy of the argument lies in the assumption that the default did not occur until the period of grace had expired rather than on June 18, 1933, when the premium became due. The period of grace was allowed to prevent a forfeiture of the policy. It did not change the date on which the premium was payable. Consequently, there was default when the premium became due and was not paid, on June 18, 1933. Otherwise, there would be thirteen months' insurance for twelve months of premium. Such a construction would not accord with the terms nor with the intent of the policy. Furthermore, it does not accord with many decisions which have construed similar pro-

visions in policies of life insurance. (*Nederland Life Ins. Co.
v. Meinert,* 199 U. S. 171; *Lipman* v. *Equitable Life Assurance
Society of United States,* 58 F. [2d] 15; *Joyner* v. *Jefferson Standard
Life Ins. Co.,* 53 id. 745; *Bankers' Life Co.* v. *Burns,* 30 id. 327;
*Hutchinson* v. *National Life Ins. Co.,* 196 Mo. App. 510; 195 S. W.
66; *Wilkie* v. *New York Mutual Life Ins. Co.,* 146 N. C. 513; 60
S. E. 427; *Erickson* v. *Equitable Life Assurance Society of United
States,* —— Minn. ——; 258 N. W. 736.)

It follows that the defendant is entitled to judgment declaring
that the policy is no longer in effect, without costs to either party.

MARTIN, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concurred.

Judgment directed in favor of defendant declaring the policy
is no longer in effect, without costs to either party. Settle order
on notice.