**RATLIFF et al. v. KENTUCKY HOME MUT. LIFE INS. CO.**

No. 8131.

Circuit Court of Appeals, Fifth Circuit.

Feb. 6, 1937.

Rehearing Denied March 5, 1937.

E. C. Johnson, of Tampa, Fla., for appellants.

R. W. Shackleford and T. M. Shackleford, Jr., both of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit was on a policy of life insurance on the life of Dennis O. Ratliff, who died February 7, 1935. The annual premium [1] due August 16, 1930, was not paid, and, the insured exercising none of the options provided for in the policy "on surrender or lapse," the nonforfeiture provision [2] for automatic extended insurance became applicable. If the policy was in force when the insurer died, it was because of this provision.

As the case was pleaded, if the grant was to be reckoned from August 16, 1930, the premium due date, the extended insurance thus provided for by the policy was insufficient to keep it in force beyond February 2, 1935; if from September 16, 1930, the end of the grace period allowed for payment of that premium, it was sufficient to carry it to February 15. The District Judge, agreeing with defendant that the insurance was extended from the end of the old, the beginning of the new policy year as fixed by the due date of the premium and not from the end of the grace period, sustained its demurrer. Thereupon, being unable to amend, plaintiffs suffered judgment.

This appeal tests whether the demurrer was rightly sustained. We think it was. As appellants state their reasons for contending otherwise, they are: (1) Since the nonforfeiture clause is silent as to precisely when the insurance goes into effect, a construction will be given it in that regard most favorable to the insured. (2) The insured is entitled on the last day of grace to the cash value, and presumably, unless the policy expressly negatives this, he is entitled to whatever extended insurance the cash value will then buy. (3) If the insured dies within the grace period, the premium for the policy year following is deducted from the settlement; this would not be done if the extended insurance were in effect. (4) The company could not act to grant extended insurance until the grace period had expired, and presumably its grant would speak from that date.

Appellee, opposing these contentions, points to other provisions in the policy, as fixing beyond question that the premium due date is the date from which extended insurance is to run. These are: The provision for interest on premiums during the grace period; the deductions of the unpaid premium, if death occurred within the grace period, and particularly the provision that upon any default in payment of premium, the policy may be surrendered to the company prior to the expiration of the period of grace, and certain options exercised. Among these options are (a) "the insured may upon written request, after the end of the first year, have the insurance extended for the full amount of the policy." The periods for which the insurance shall be extended are set out in the table of loan and surrender values. This table, which immediately precedes

---

[1] "The Insurance hereunder is based upon an annual premium payable in advance. One month (not less than thirty days) of grace, during which time this policy shall be continued in force, will be allowed in payment of all premiums or installments thereof after the first, subject to an interest charge of six per centum per annum. If death occurs within the days of grace, or during the period covered by any installment, if the premium is payable in installments, any unpaid premium or installment thereof for the then current policy year shall be deducted from the amount payable hereunder."

[2] "Nonforfeiture. If the insured shall fail to pay any premium or any indebtedness hereunder when due, or within the period of grace, if any, and shall not have exercised any of the foregoing options, the Company subject to the other conditions of the policy, shall grant the extended insurance hereinbefore provided."

the nonforfeiture provision as to extended insurance, is as follows:

"*Table of Loan and Surrender Values.* The loan and paid-up endowment insurance values stated in this table apply to a policy for $1,000. As this policy is for $5,000 the loan or paid-up endowment insurance available in any year will be five times the amount stated in the table for that year, but the periods of extended insurance remain the same for a policy of any amount.

| End of Year | Option A Insurance extended for | | Option B Paid-up Endowment Insurance | Option C Loans |
|---|---|---|---|---|
| | Years | Days | | |
| 1st | None | Thirty | None | $10 |
| ****** | | | | |
| 10th | 8 | 63 | $319 | $219 |
| 11th | 8 | 222 | $352 | $245" |
| | ****** | ****** | | |

Appellee's argument is that the policy affirmatively fixes the end of the policy year as the date from which the extended insurance runs when the insured surrenders the policy and avails of option (a), that the nonforfeiture clause following immediately after the table provides that if the insured shall not have exercised any of his options, the company "shall grant the extended insurance hereinbefore provided." It insists that appellants' contention, if sustained, would require a holding, contrary to what therein appears, that the policy makes two separate and distinct provisions for extended insurance, one, to run from the due date of the premium, available when the insured surrenders the policy and exercises his option, the other, to run from the end of the grace period, when he fails to do so. It points to the fact that there is no clause or word in the policy so providing. It insists that absent such provision, to construe the policy, as though it were written there, is not to reasonably resolve an ambiguity in the policy in favor of the insured, but in effect to unreasonably write a clause into it to obviate the apparent hardship of this particular case. It cites numerous cases, some directly in point as to the date from which automatic extended insurance begins to run, others, upon the point whether the grace period is to be considered a part of the policy year, or merely a period of credit extension for payment of the premium. All of them maintain the view

that the policy year is fixed by the premium due dates and that the grace period in nowise adds to or extends it. Some of these cases are—Life & Casualty Ins. Co. v. Wheeler, 265 Ky. 269, 96 S.W.(2d) 753; Bankers' Life Co. v. Burns (C.C.A.) 30 F.(2d) 327; Joyner v. Jefferson Life Ins. Co. (C.C.A.) 53 F.(2d) 745; White v. New York Life Ins. Co., 200 Mass. 510, 86 N.E. 928; Wilkie v. New York Life Ins. Co., 146 N.C. 513, 60 S.E. 427; Erickson v. Equitable Life Assur. Soc., 193 Minn. 269, 258 N.W. 736.

Appellants' main, as regards authority its sole, reliance is upon Mitchell v. Southern Union Life Ins. Co., 218 S.W. 586, a decision by a Court of Civil Appeals of Texas, and Missouri State Life Ins. Co. v. Carey (Tex.Com.App.) 276 S.W. 227, reversing a decision of another Court of Civil Appeals (262 S.W. 864) founded on the Mitchell Case. Mitchell's Case, as to a policy which provided for one month's extended insurance after the first policy year, and as to an insured who, without paying the second premium, had died after the end of the first policy year and within one month after the expiration of the grace period, held that the automatic continued insurance, provided for, commenced to run at the end of the grace period and the policy was in force when he died. Appellee differentiates this case from that one because there grace to pay the premium was allowed without an interest charge, and because of differences in verbiage in the clauses for extended insurance. The Commission of Appeals in the Carey Case, supra, while not approving Mitchell's Case, differentiated Mitchell's Case from Carey's, saying that the language of the policy in that case indicated that, or at least was ambiguous as to whether, the table of continued insurance as to the beginning of the second year in which year alone the grace period and the period for automatic extension could concur, operated to grant extended insurance beginning from the end of the grace period. The Supreme Court itself made no reference to Mitchell's Case; it did not even approve the discussion of it in the opinion of the Commission. It merely approved the conclusion of the Commission that the decision of the Court of Civil Appeals, following the Mitchell Case, should be reversed, and entered its judgment accordingly. The Carey Case therefore, does not lend Supreme Court au-

thority to the Mitchell Case. Indeed, as far as it goes, it is to the contrary of it. At any rate the Mitchell Case is not binding on, it will not be followed by us, as authority for appellants' contention. To so construe it would place it in opposition to the current of authority; besides, for another reason not pointed out in the briefs, it is not in point with this case.

The policy under consideration there contained no provision for extended insurance, as an option on surrender as the policy in question here does. The opinion, therefore, is not a guide to the meaning and effect of the table of extended insurance in this policy. In Mitchell's Case the options available to the insured on surrender within the grace period were (a) cash value, (b) paid up life policy. In this case the surrender options are three: (a) Extended insurance; (b) paid-up insurance; and (c) cash value. In that case the only possible application of the table for continued insurance was in connection with its nonforfeiture continued insurance clause. Here the table applies alike to the surrender and the nonforfeiture clause. Here it can have only one and the same meaning as to both. There have been many cases before the courts in which in an attempt to save lapsed policies, it has been contended that credit provisions extending time to pay premiums should be given effect to otherwise change or affect the policy terms. Such contentions have been uniformly rejected. Joyner v. Jefferson Standard Life Ins. Co., supra; Jeffers v. Bankers' Life Co. (C.C.A.) 71 F.(2d) 603; Willingham v. Equitable Life Assur. Soc. (C.C.A.) 86 F.(2d) 72; Equitable Life Assur. Soc. v. MacKirgan (C. C.A.) 86 F.(2d) 271.

This, we think, is in principle another one of those cases. To give the policy the construction appellants contend for would, we think, be to read it as providing that, although the premium date marks the end of the old, the beginning of the new, year for every aspect of the policy, except that of automatic extended insurance, as to that provision, the end of the old, the beginning of the new policy year is marked by the end of the grace period. There is no such provision in the policy. We may not write it there.

The judgment is affirmed.