Rowe, J.
This is an action of contract in which the plaintiff seeks to recover monthly disability benefits on *186 account of a policy of insurance issued by the defendant. The trial judge found for the plaintiff. The defendant claims to be aggrieved by the refusal of the trial judge to grant several of its requests and summarizes its contentions in the following two questions:—
1. Does disability commencing during the grace period effect a waiver of the already due premium?
2. Does proof within six months of the disability satisfy the provisions of the policy requiring proof within six months of the date of the default in payment of premium?
The case was argued by both sides on the two above questions.
The defendant had issued to the plaintiff an insurance policy entitling her to certain disability benefits. The premiums had been paid up to but not including August 1, 1934. The premium covering the period of August 1, 1934 to August 1, 1935, was not paid in August, 1934, but was tendered the first time on September 10,1934, at which time it was refused and the insured informed that the policy had lapsed. The plaintiff has been totally disabled since August 11, 1934.' On February. 8, 1935 the plaintiff furnished to the defendant due proof of total and continuous disability commencing August 11, 1934. From August 11, 1934 to September 1, 1934 the plaintiff was hot in such a condition, either mentally or physically that she could communicate with the defendant or notify her relatives concerning the insurance.
The trial judge, finding for the plaintiff concluded his special findings of facts with these words, “I find that the plaintiff was totally disabled, from August 11, 1934 to the date of the writ in this action,- namely April. 25, 1935 and that this, disability took place during the period of grace, that is, between August 1? 1934 and September 1, 1934.- I *187 rule that the disability having commenced within the grace period after the premiums became due operates as a waiver of such premiums. I find that proof of the plaintiff’s disability was furnished to the defendant on February 8, 1935 and that this was within six months of August 11, 1934 at which time the plaintiff’s disability commenced. I rule this notice was within the period contemplated by the policy.” The material portions of the policy set forth in the findings are as follows:
“Grace. — If any premium is not paid on or before the day it falls due the policy-holder is in default; hut a grace of one month (not less than thirty days) will be allowed for the payment of every premium after the first during which time the insurance continues in force. If death occurs within the period of grace the overdue premium will be deducted from the amount payable hereunder.”
“Upon receipt at the Company’s Home Office, before default in payment of premium under said Policy, and not later than six months after the maturity of the Endowment of due proof that the Insured is totally disabled as above defined, and will be continuously so totally disabled for life, and that such disability occurred before the maturity of the Endowment, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the Insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof has been, totally disabled as above defined, the following benefits will be granted:
“(a) Waiver of Premium. — The Company will waive the payment of any premium under said Policy, including the premium for this Agreement, falling due during the period of continuous total disability, the premium waived to be the annual, semi-annual-i or quarterly premium according to the mode of payment in effect when disability occurred.”
“This Agreement shall automatically terminate if any premium on said Policy shall not be duly paid or if said Policy shall be surrendered; except that in *188 event of default in payment of premium under said Policy after the Insured has become totally disabled as above defined, said Policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the Insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the Company not later than six months after said default.”
(1) Does disability commencing during the grace period effect a waiver of the already due premium? The premium on the policy was due on August 1, 1934. By the express wording of the policy “if any premium is not paid on or before it falls due the policy holder is in default, but a grace of one month (not less than 30 days) will be allowed for the payment of every premium after the first during which time the insurance continues in force.” The trial judge ruled that the plaintiff becoming disabled during the 30 days period of grace operated as a waiver of such premium.
The trial judge in substance construed the clause in the policy relative to the due date and grace of 30 days as making the premium due at any time in August, that default did not take place during August and that since plaintiff became disabled during that period the payment of the premium was waived.
We do not so construe the policy. The premium fell due on-August 1st, by the terms of the policy, not being then paid the plaintiff was “in default”, but in ease of payment a 30 days period of grace was granted in which forfeiture of the policy could be prevented. The words “falls due” in the policy do not mean a period of duration beginning with the due date and ending with the last day of what is called grace in the policy. They refer to the date when a *189 payment due in the future is transformed into a present fact of now due.
It is the “punctus temporis” (Kendrick v. B. & A. R. R., 202 Mass, at P. 5) of the date when the debt loses its character as a future obligation, rather than the period of duration when altho the plaintiff was in default she could still pay the premium without forfeiture of the insurance policy.
Altho the point has not been decided in this state the cases cited by the defendant from other jurisdictions are in point. Talsky, v. New York Life Ins. Co., 244 App. Div. 661 s. c. 270 N. Y. 665. Western and Southern Life Ins. Co. v. Smith, 41 Ohio App. 197; Brams v. New York Life Insurance Co., 299 Penn. 11. See also Aetna Life Insurance Co. v. Palmer, 159 Ga. 371.
In view of the fact that the terms of the policy on this point are not ambiguous the cases relied on by the plaintiff that in case of ambiguity the policy will be construed against the insurer are not applicable.
By the terms of the policy a grace period was allowed for payment of the premium without forfeiture of the insurance but payment was not waived by disability occurring during the grace period.
(2) As a corollary to what has been said above it is evident that the trial judge was in error in ruling that the proof of plaintiff’s disability being furnished to the defendant within sis months of the plaintiff’s commencement of disability on August 11th entitled her to recover.
(3) The trial judge denied several requests of the defendant, including the eighth request that on all the evidence the plaintiff is not entitled to recover. This request did not contain any specification, but as the other requests were directly applicable to the two questions which both *190 parties argued we treat the eighth request as being before us rather than dealing seriatim with the several other requests.
There was error in not granting the defendant’s eighth request.

Judgment for defendant.