TRAVELERS INS. CO., HARTFORD, CONN., v. BUCHANAN.

*91 P. 2d 1062.*

No. 28069.   June 13, 1939.

Second Rehearing Denied Dec. 19, 1939.

Shirk & Bridges, of Tulsa, and Al C. Thomas, of Oklahoma City, for plaintiff in error.

J. B. Dudley, of Oklahoma City, and Geo. N. Otey, of Ardmore, for defendant in error.

CORN, J.   This is an appeal from a judgment rendered in the district court of Oklahoma county, in an action brought by the defendant in error to collect upon a policy of insurance issued to Edward F. Buchanan, her deceased husband. We shall refer to the parties as they appeared in the trial court. The essential facts are as follows:

Buchanan bought this policy, to become effective March 28, 1933, for the benefit of his wife and children. The policy w a s handled a n d serviced through the defendant's general agents in Chicago, Ill. The defendant admitted that the premiums were paid up to and including January 28, 1934, but denied that the February premium was ever paid, either when due or during the grace period of 31 days provided in the policy.

The premium was past due and Buchanan wrote to the defendant and inclosed his check for $50. He was notified of the lapse, and a reinstatement form was sent to him to be filled out, which he did, returning same to Fred S. Jones Company, the defendant's agent. This application was then forwarded to the home office; this being the only manner in which reinstatement could be had. There was a discrepancy in the medical information, and the defendant thereupon attempted to communicate with the insured, but learned that he had died April 21, 1934. The defendant showed that the $50 premium payment, made by insured before his death, was carried in the suspense account pending reinstatement.

In rendering judgment for the plaintiff, the trial court found as a matter of law that the plaintiff was entitled to recover on the theory that the policy had not lapsed, since it provided for automatic extended term insurance, which extended term was considered as running consecutively with the usual period of grace.

The trial court further found that if

the grace period and the automatic continued term ran concurrently, the policy had lapsed at the time of the insured's death and had never been reinstated, and that no acts by the defendant had constituted a waiver or estoppel.

After motion for new trial had been overruled, the trial court allowed the plaintiff's requested exception to the portion of the court's finding quoted above.

The defendant's appeal is based upon a claim of error upon the part of the trial court in holding as a matter of law, under the provisions of the "nonforfeitable privileges," that the grace and automatic continued insurance provisions of this policy ran consecutively and not concurrently, thus adjudging that the policy and trust agreement were in full force and effect at the time of the insured's death.

The policy, after providing for 31 days' grace, contained the following provision, quoting the pertinent portion:

"Nonforfeitable Privileges — If any premium shall not be paid on or before the date when due, and if there shall be no indebtedness to the company, the insurance will automatically continue from said due date as term insurance during the term, including the period of grace, specified in column 3 of the accompanying table and at the expiration thereof this contract shall be null and void."

The amount of continued insurance available under the policy of the deceased was 28 and a fraction days.

The cases from all jurisdictions hold that insurance contracts are to be construed most strongly against the insurer, and that where there is any ambiguity or the language used is susceptible of two constructions, then the one which will give effect to the policy must be followed. Friend v. Southern States Life Ins. Co., 80 Okla. 76, 194 P. 204; Missouri State Life Ins. Co. v. Carey, Tex. Civ. App., 262 S. W. 864, Syll. 1, 2, and 3; and McMaster v. N. Y. Life Ins. Co., 183 U. S. 25, 22 S. Ct. 10, 46 L. Ed. 64.

The plaintiff cites the case of Mitchell v. Southern Union Life Ins. Co., Tex. Civ. App., 218 S. W. 586, quotes therefrom at length, and upon the authority of said case bases the claim that the grace period and the automatic continued term period run consecutively and not concurrently.

It is interesting to note that the Mitchell Case, supra, was followed in the case of Missouri State Life Ins. Co. v. Carey, 262 S. W. 864, a case from the Court of Civil Appeals of Texas. However, just one year later the holding in the Carey Case was overthrown by a subsequent decision of the court in that same case, and it was then held that the two terms ran concurrently and not consecutively.

The grace period in a life insurance policy is a matter of right, and cannot be taken from the insured. Provident Sav. Life Assur. Soc. v. Taylor, 3 Cir., 142 F. 709. Furthermore, the parties had the right to contract as they might see fit regarding the automatic continued term insurance, and such provision is for the benefit of the insured. But when the defendant unequivocally stated in the policy, "the insurance will automatically continue from said due date as term insurance, including the period of grace," we fail to perceive how such provision could be construed as meaning "in addition to" the grace period.

This same problem has been passed upon by numerous other courts, and the holdings are uniform to the effect that when a default in payment of a premium occurs, the agreed grace period for its payment begins running immediately upon default and runs concurrently with a stipulated period for extended insurance after default. Life & Casualty Ins. Co. of Tennessee v. Wheeler, 265 Ky. 269, 96 S. W. 2d 753, 106 A.L.R. 1270; United States v. Huie, 5 Cir., 73 F. 2d 305; and Shira et al. v. New York Life Ins. Co., 10 Cir., 90 F. 2d 953.

Conscious as we are of the earnestness of the plaintiff's claim for relief, we cannot fail to recognize the force of the holdings of the cited cases in an attempt to so construe the plain language of the policy as to afford relief in the instant case.

The argument advanced by the plaintiff is well answered in the case of Ratliff et al. v. Kentucky Home Mut. Life Ins. Co., 5 Cir., 87 F. 2d 965, 968, wherein the court said:

"To give the policy the construction appellants contend for would, we think, be to read it as providing that, although the premium date marks the end of the old, the beginning of the new, year for every aspect of the policy, except that of automatic extended insurance, as to that provision, the end of the old, the beginning of the new policy year is marked by the end of the grace period. There is no such provision in the policy. We may not write it there."

We have examined the record, and from consideration of the same conclude that the trial court was correct in holding that if the two terms under consideration ran concurrently then the policy had lapsed at time of the insured's death, and had not been reinstated, and that there were no acts on the part of the defendant, its agents or employees, as would constitute an estoppel or waiver herein.

Judgment of the trial court is accordingly reversed, with directions to enter judgment for the defendant.

RILEY, OSBORN, GIBSON, and HURST, JJ., concur. BAYLESS, C. J., WELCH, V. C. J., and DAVISON, J., dissent. DANNER, J., absent.