## ST. PAUL FIRE AND MARINE INSURANCE COMPANY
## *v.* CHARLES J. MOLLOY ET UX.

[No. 3, September Term, 1980.]

*Decided October 9, 1980.*

The cause was argued before GILBERT, C. J., and MORTON and MOORE, JJ.

*Gary A. Godard,* with whom were *Roy L. Mason* and *Donahue, Ehrmantraut & Montedonico* on the brief, for appellant.

*Terrell N. Roberts, III,* with whom was *Emmett H. Nanna, Jr.,* on the brief, for appellees.

GILBERT, C. J., delivered the opinion of the Court.

The primary issue in this case is the extent to which an insurer waives available defenses upon the denial of liability of a claim asserted by an insured.

On January 22, 1978, the home of the appellees, Charles and Diane Molloy, was severely damaged by fire. When the fire occurred, the home was insured by the appellant, St. Paul Fire and Marine Insurance Co. The fire was discovered in the late afternoon by Mr. Molloy who, as the only one at home, drove some four miles to a local MacDonald's to telephone a report of the fire, passing on the way the homes of several neighbors as well as a few commercial establishments. Upon return to his home shortly thereafter, he found that the fire department had the blaze under control. When the fire investigators attempted to question him, Mr. Molloy hurriedly drove off, leaving the investigators to initiate a full siren chase after him. Despite the theatrical effort, Mr. Molloy was able to elude his pursuers. Subsequent to the conflagration, the fire investigators filed a report stating that the fire, which started in the hall closet, was ignited intentionally through the use of "an open flame device, such as a match or cigarette lighter." Soon afterwards, the Prince George's County State's Attorney Office charged Mr. Molloy with arson. The charge was later *nol prossed.*

In accord with the terms of the insurance policy, the appellees filed a proof of loss statement with the appellant on April 11, 1978. Appellant denied liability on June 28, 1978, in a letter written to the appellees' attorney, stating as its reasons the appellees' failure "to use all reasonable means to save and preserve the property at and after the fire." At the time of the denial, the appellant possessed a copy of the fire investigator's report which suggested the possibility of arson. Additionally, the appellant had knowledge of Mr. Molloy's behavior at the time of and after the fire, and it was aware that arson charges had been brought against him, and

that they were dropped. The appellees sued the appellant on the insurance contract to recover the loss sustained in the fire.

At trial, the appellees made a motion *in limine* to exclude all evidence indicating that Mr. Molloy had deliberately set fire to his home. A motion was also made by the appellees to sever Mrs. Molloy's interest under the insurance policy from that of her husband. The court reserved ruling on both motions; each was, however, granted at the close of the appellant's case. The jury was instructed to ignore all evidence suggesting that Mr. Molloy committed arson and to consider only whether both appellees had neglected to preserve the insured premises during and after the fire. A verdict was returned for the appellees.

The issues presented are fourfold: 1) whether the trial judge properly ruled that the appellant had waived the defense of arson due to its failure to notify the appellees of such defense at the time liability was denied; 2) whether Mrs. Molloy's interest in the insurance policy, held in tenancy by the entireties, could be severed from that of her husband; 3) whether the trial judge properly denied appellant's motion for a directed verdict on the issue of appellees' alleged failure to preserve their property during or after the fire; and 4) whether the trial judge erred in making several evidentiary rulings unfavorable to the appellant. We affirm the judgment of the trial court and now state our reasons.

Upon notification of an insured's claim, the insurer may either accept or deny liability. If the insurer denies liability, *all defenses of which he has knowledge at the time of the denial* must be asserted or else they are waived. 16A Appleman, *Insurance Law and Practice* § 9260 (1968); *Couch on Insurance* 2d § 71:43 (1968); 43 Am. Jur. 2d *Insurance* § 1146 (1969); 45 C.J.S. Insurance §§ 706-707 (1946). Knowledge sufficient to constitute waiver "must be of the essential facts necessary to enable a person of ordinary prudence and judgment to act understandingly, and it must be knowledge as distinguished from mere inference." 45 C.J.S. *Insurance* § 696 (1946).

The application of this rule may vary from State to State according to its definition of waiver. Waiver is defined as:

> " '. . . the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right, and may result from an express agreement or be inferred from circumstances. And acts relied upon as constituting a waiver of the provisions of a contract must be inconsistent with an intention to insist upon enforcing such provisions.' " *Rubinstein v. Jefferson National Life Insurance Co.,* 268 Md. 388, 392-93, 302 A.2d 49, 52 (1973), *quoting Food Fair v. Blumberg,* 234 Md. 521, 531, 200 A.2d 166, 172 (1964). (Citation omitted.)

Estoppel precludes a party from asserting a given right or defense, but it demands "ignorance of the party who invokes the estoppel . . . and an innocent and deleterious change of position in reliance on such representations or conduct." 45 C.J.S. *Insurance* § 673; *Rubinstein v. Jefferson National Life Insurance Co., supra* at 393. Significantly, waiver does *not* require detrimental reliance on the part of the party asserting the waiver.

Since the distinction between the above two principles is slight, some jurisdictions refer to waiver and estoppel synonymously, thereby requiring the injured party to demonstrate detrimental reliance in order for waiver to apply. Maryland, however, has maintained the distinction between the two. *See Rubinstein v. Jefferson National Life Insurance Co., supra; Eastover Stores, Inc. v. Minnix,* 219 Md. 658, 150 A.2d 884 (1959).

The issue of waiver of defenses in insurance claims has met with limited discussion in this State. The Court of Appeals has held that the insurer will waive the defense of failure to give timely notice of injury if he fails to specify the defense at the time liability is denied. *McElroy v. John Hancock Life Insurance Co.,* 88 Md. 137, 149-50, 41 A. 112, 115 (1898); *Fidelity and Casualty Co. v. Riley,* 168 Md. 430, 438-39, 178 A. 250, 254 (1935). The requirement of proof of

death can also be waived if not asserted in the denial of liability. *Prudential Insurance Co. v. Devoe,* 98 Md. 584, 56 A. 809 (1904). More recently, the Court, in *Zurich Co. v. Monarch Co.,* 247 Md. 3, 230 A.2d 330 (1967), addressed the issue of whether an insurer waived the defense of nonpermissive use of an automobile after liability was denied solely on the basis of the noncooperation of the injured party. The Court, in *Zurich,* found that the defense had not been waived since the insurer did not have knowledge of the defense at the time it denied liability. *Id.* at 11.

We hold that the trial court properly ruled that the defense of arson was waived by the appellant. The record indicates that at the time the appellant denied liability it possessed sufficient information to constitute knowledge of the possible defense of arson, and, therefore, the failure to notify the appellees of the defense, in the letter of June 28, 1978, was a waiver of that defense. Furthermore, there is no necessity to prove that the appellees relied to their detriment on the appellant's failure to inform them of the arson defense since detrimental reliance is not an element of waiver in this State. Consequently, we do not reach the issue as to whether the grant of the summary judgment permitting the severance of Mrs. Molloy's interest under the policy from that of her husband was proper.

We also conclude that the trial court correctly denied appellant's motion for a directed verdict on the issue of appellees' alleged failure to preserve their property during and after the fire. Examining the evidence in the light most favorable to the appellees' position, the record reveals that there was enough evidence to cause reasonable minds to differ, and, therefore, the matter was properly submitted to the jury. *See Ralph Pritts & Sons, Inc. v. Butler,* 43 Md. App. 192, 403 A.2d 830 (1979); *Keene v. Arlan's Department Store of Baltimore, Inc.,* 35 Md. App. 250, 370 A.2d 124 (1977). *See also Beahm v. Shortall,* 279 Md. 321, 368 A.2d 1005 (1977).

We decline to review those objections related to the issue of arson inasmuch as we have affirmed the trial court's ruling on the waiver of the arson defense. With respect to

those objections concerning the refusal to permit testimony of an argument between Mr. Molloy and a neighbor, as well as opinion testimony proffered to describe the speed of Mr. Molloy's automobile when he left the scene of the fire, we affirm the trial court's rulings. The evidence was not relevant and would have served to obfuscate the issue rather than shed light upon it.

*Judgment affirmed.*
*Costs to be paid by appellant.*